# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**          **2. PLEASE TYPE OR PRINT**          **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Eric Passman, individually and on behalf of all others similarly situated, Eric Fishon, individually and on behalf of all others similarly situated, Alicia Pearlman, individually and on behalf of all others similarly situated, Ismael Alvarado, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellees, <br><br> Patrick Yang, individually and on behalf of all others similarly situated, Maryana Feigen, Travis Frost, Alana Sage, Skylar Werde, <br><br> Plaintiffs, <br><br> v. <br><br> Peloton Interactive, Inc., <br><br> Defendant - Appellant. | Southern District of New York | Lorna G. Schofield |
| | Date the Order or Judgment Appealed from was Entered on the Docket: <br><br> May 2, 2025 | District Court Docket No.: <br><br> 1:19-cv-11711-LGS |
| | Date the Notice of Appeal was Filed: <br><br> May 30, 2025 | Is this a Cross Appeal? <br><br> ☐ Yes    ☑ No |

| Attorney(s) for Appellant(s): | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail: |
|---|---|
| ☐ Plaintiff <br> ☑ Defendant | Mark W. Mosier, Covington & Burling LLP, 850 Tenth Street, NW Washington, DC 20001; Ph. 202-662-6000; F: 202-662-6291; mmosier@cov.com <br> Andrew Soukup, Covington & Burling LLP, 850 Tenth Street, NW Washington, DC 20001; Ph. 202-662-6000; F: 202-662-6291; asoukup@cov.com <br> Neha Jaganathan, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018; Ph: 212-841-1000; njaganathan@cov.com |

| Attorney(s) for Appellee(s): | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail: |
|---|---|
| ☑ Plaintiff <br> ☐ Defendant | Adam J. Levitt, DiCello Levitt Gutzler LLC, 10 North Dearborn Street, 11th Floor, Chicago, IL 60602; Ph: 312-214-7900; alevitt@dicellolevitt.com <br> Aaron Michael Zigler, Zigler Law Group, LLC, 308 South Jefferson Street, Suite 333, Chicago, IL 60661; Ph: 312-535-5955; aaron@ziglerlawgroup.com <br> Benjamin J. Whiting, Keller Postman LLC, 150 N Riverside Plaza, Suite 4100, Chicago, IL 60606; Ph: 312-741-5220; ben.whiting@kellerpostman.com |

| Has Transcript Been Prepared? <br><br> No | Approx. Number of Transcript Pages: <br><br> N/A | Number of Exhibits Appended to Transcript: <br><br> N/A | Has this matter been before this Circuit previously? ☑ Yes    ☐ No <br><br> If Yes, provide the following: <br><br> Case Name:  Fishon v. Peloton Interactive, Inc. <br><br> 2d Cir. Docket No.:  23-0809    Reporter Citation: (i.e., F.3d or Fed. App.) N/A (order denying 23(f) petn.) |
|---|---|---|---|

**ADDENDUM "A":  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

**ADDENDUM "B":  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party <br><br> ☐ Federal question (U.S. not a party) | ☐ Diversity <br><br> ☑ Other (specify): 28 U.S.C. § 1332(d)(2) | ☑ Final Decision <br><br> ☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) <br><br> ☑ Other (specify): Collateral Order Doctrine |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October  2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

**1. Stage of Proceedings**
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [x] Other (specify): Order vacating orders issued by judge previously assigned to case based on violation of 28 U.S.C. § 455(a)

**3. Relief**
- [x] Damages:
  - [x] Sought: $ __Actual__ or
  - [ ] Granted: $ __statutory__
  - [ ] Denied: $ _____
- [x] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

Damages and injunctive relief sought.

---

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ◻ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [x] Other (specify): State-law consumer protection & false advertising

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [x] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [ ] Yes [x] No

Will appeal raise a matter of first impression?
- [ ] Yes [x] No

---

1. Is any matter relative to this appeal still pending below? [x] Yes, specify: Pre-trial proceedings remain ongoing   [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal?   [ ] Yes [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal?   [ ] Yes [x] No

   If yes, state whether ◻ "A," or ◻ "B," or ◻ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: Peloton Interactive, Inc.

| Date: June 13, 2025 | Signature of Counsel of Record: /s/ Mark W. Mosier |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

*Fishon, et al. v. Peloton Interactive, Inc.*, No. 25-1415

### FORM C
### ADDENDUM A

## I.      Nature of the Action

The original plaintiffs in this case, Eric Fishon and Alicia Pearlman ("Original Plaintiffs"), filed this putative class action in December 2019.  They alleged that Defendant Peloton Interactive, Inc. ("Peloton") violated New York General Business Law ("NYGBL") §§ 349 and 350 by marketing its library of on-demand fitness classes as "growing" or "ever-growing."  ECF 1 ¶¶ 93–149.  The case was assigned to Judge Liman in January 2020.  ECF 16.

Peloton filed its first motion to dismiss in March 2020.  ECF 29.  Several weeks before ruling on this motion, Judge Liman discovered that his wife owned stock in Peloton and notified the parties that she would promptly divest, which she did.  ECF 63, 64.  Original Plaintiffs did not move for Judge Liman to recuse himself or otherwise raise any objection to Judge Liman continuing to preside over the case.  Judge Liman granted the motion in part with leave to amend.  ECF 65.

Original Plaintiffs twice amended their complaint, and Peloton moved to dismiss both times.  ECF 81, 88, 106, 107; *see also* ECF 102 (granting first motion to dismiss as to Pearlman).  While the second motion was pending, in August 2021, Judge Liman discovered that a broker had purchased Peloton stock for a joint account that he held with his wife.  ECF 110.  Judge Liman informed the parties that

he and his wife were disposing of the stock, which they did. ECF 110, 112. After learning this information, Original Plaintiffs again did not move for Judge Liman to recuse himself or otherwise raise any objection to Judge Liman continuing to preside over the case.

Instead, three weeks later, Original Plaintiffs moved to certify two classes. ECF 117. In January 2022, the district court dismissed Plaintiff Pearlman's claims and denied Original Plaintiffs' motion for class certification. ECF 168.

In February 2022, plaintiffs' counsel filed a Third Amended Complaint, which dropped Original Plaintiffs from the case and added, for the first time, Eric Passman and Ishmael Alvarado as plaintiffs ("New Plaintiffs"). ECF 195. New Plaintiffs are both domiciled in New York, id. ¶¶ 35, 37, and Peloton's principal place of business is in New York, id. ¶ 43. The Third Amended Complaint alleged only claims arising under New York law, id. ¶¶ 116–54, and New Plaintiffs disclaimed any intent to seek certification of a nationwide class, id. ¶ 106 n.70. Peloton again moved to dismiss. ECF 196. In August 2022, the district court denied Peloton's motion with respect to Plaintiffs' New York-only class, but struck the class allegations to the extent they included purchasers outside New York, ECF 207 at 39–40.

New Plaintiffs then moved to certify a New York-only class. ECF 226. In May 2023, the Court denied that motion. ECF 284. New Plaintiffs filed a Rule 23(f)

petition, ECF 286, which this Court denied in September 2023, ECF 287. The case proceeded to summary judgment briefing. ECF 294, 302, 305–14, 332.

In July 2024, this Court held in an unrelated case that Judge Liman should have recused himself based on his wife's ownership of a party's stock. *See Litovich v. Bank of America Corp.*, 106 F.4th 218 (2d Cir. 2014). Later that month, the district court Clerk's Office sent a letter to the parties recounting Judge Liman's prior disclosures of Peloton stock ownership; noting that since those disclosures, "no parties ha[d] suggested that Judge Liman's impartiality might be questioned, nor ha[d] anyone objected to Judge Liman's continuing to preside over this case or suggested that he should disqualify himself"; and observing that "[g]iven the substantial time that has passed since Judge Liman's disclosures and the lack of objection or request for recusal from any party, the parties may have impliedly waived any argument that Judge Liman should recuse himself from the case." ECF 332. Nevertheless, Judge Liman directed the Clerk to "provide the parties an opportunity to execute, or decline to execute, a formal waiver." *Id.* New Plaintiffs did not execute a formal waiver, and the case was reassigned to Judge Schofield on September 5, 2024. ECF 333, 338.

New Plaintiffs then moved the court to vacate or review de novo "the entirety of the recused judge's rulings," noting in particular the "rulings on the class certification denial, various motions to dismiss, and the various discovery rulings

that dictates the scope of discovery allowed in this case." ECF 338 at 2, 25. Peloton opposed the motion on the grounds that the filing of the Third Amended Complaint (in which a putative class of New York plaintiffs alleged claims under New York law against a New York defendant) divested the district court of subject-matter jurisdiction; that the plaintiffs had implicitly waived any violation by Judge Liman of 28 U.S.C. § 455(a); and that even if the court concluded that subject-matter jurisdiction existed, it should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims. ECF 340.

## II.  Result Below

On May 2, 2025, the district court granted New Plaintiffs' motion to vacate and retain jurisdiction, concluding that Judge Liman had violated 28 U.S.C. § 455(a); that the plaintiffs had not waived that violation; and that vacatur was the appropriate remedy. ECF 345. The court therefore vacated the previously issued orders disposing of each of Peloton's motions to dismiss (ECF 65, 102, 168, 207) and denying class certification (ECF 284). The court also struck the First, Second, and Third Amended Complaints (ECF 81, 106, 195), effectively restoring Original Plaintiffs as plaintiffs and removing New Plaintiffs from the case. The district court declined to consider as moot Peloton's arguments that the court lacked subject-matter jurisdiction and that, in the alternative, the court should decline to exercise supplemental jurisdiction. ECF 345 at 12.

### III.    Notice of Appeal

Peloton timely filed its Notice of Appeal on May 30, 2025, attached as Exhibit A to this Addendum.  A current copy of the district court's docket sheet is attached as Exhibit B to this Addendum.

### IV.    Relevant Orders and Opinions

The district court's May 2, 2025 Opinion and Order Granting New Plaintiffs' motion to vacate and retain jurisdiction is attached as Exhibit C to this Addendum.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ERIC PASSMAN and ISHMAEL ALVARADO, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br><br>  v.<br><br><br>PELOTON INTERACTIVE, INC.,<br><br>     Defendant. | Civil Action No. 1:19-cv-11711-LGS |

## <u>NOTICE OF APPEAL</u>

Notice is given that Defendant Peloton Interactive, Inc., hereby appeals to the United States Court of Appeals for the Second Circuit from the Opinion and Order issued by this Court on May 2, 2025 (ECF No. 345), which vacated this Court's November 9, 2020, Opinion and Order granting in part and denying in part Defendant's motion to dismiss the Complaint (ECF No. 65); July 12, 2021, Opinion and Order granting Defendant's motion to dismiss the First Amended Complaint (ECF No. 102); January 19, 2022, Opinion and Order granting Defendant's motion to dismiss the Second Amended Complaint and denying Plaintiffs' motion to certify a class (ECF No. 168); August 11, 2022, Opinion and Order denying in part and granting in part Defendant's motion to dismiss the Third Amended Complaint (ECF No. 207); and May 2, 2023, Opinion and Order denying Plaintiffs' motion to certify a class (ECF No. 284); and struck the First Amended

Complaint, filed January 21, 2021 (ECF No. 81); Second Amended Complaint, filed July 26, 2021

(ECF No. 106); and Third Amended Complaint, filed February 18, 2022 (ECF No. 195).

May 30, 2025                          Respectfully submitted,


                                     /s/ Mark W. Mosier
                                     Mark W. Mosier (admitted *pro hac vice*)
                                     Andrew Soukup (admitted *pro hac vice*)
                                     Phyllis A. Jones (admitted *pro hac vice*)
                                     COVINGTON & BURLING LLP
                                     One CityCenter
                                     850 Tenth Street, NW
                                     Washington, DC 20001
                                     Tel: (202) 662-6000
                                     Fax: (202) 662-6291
                                     mmosier@cov.com
                                     asoukup@cov.com
                                     pajones@cov.com

                                     Neha Jaganathan
                                     COVINGTON & BURLING LLP
                                     The New York Times Building
                                     620 Eighth Avenue
                                     New York, NY 10018
                                     Tel: (212) 841-1000
                                     njaganathan@cov.com

                                     *Counsel for Peloton Interactive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, a copy of the foregoing Notice of Appeal was filed

electronically with the Court using the CM/ECF system. Notice of this filing will be sent by e-

mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable

to accept electronic filing.


/s/ Mark W. Mosier
Mark W. Mosier (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
mmosier@cov.com

*Counsel for Peloton Interactive, Inc.*

# EXHIBIT B

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:19−cv−11711−LGS

Fishon et al v. Peloton Interactive, Inc.
Assigned to: Judge Lorna G. Schofield
Demand: $5,000,000
Cause: 28:1332 Diversity Action

Date Filed: 12/20/2019
Jury Demand: Both
Nature of Suit: 195 Contract Product
Liability
Jurisdiction: Diversity

**Plaintiff**

**Eric Fishon**
*individually and on behalf of all others*
*similarly situated*
*TERMINATED: 02/18/2022*

represented by **Farzin Franklin Amanat**
Motley Rice LLC
800 Third Avenue
Suite 2401
New York, NY 10022
212−577−0052
Fax: 212−577−0054
Email: famanat@motleyrice.com
*TERMINATED: 06/10/2024*
*LEAD ATTORNEY*

**Greg G Gutzler**
DiCello Levitt LLC
485 Lexington Ave.
Suite 1001
New York, NY 10017
314−833−6645
Email: ggutzler@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M. Zigler**
Zigler Law Group, LLC
308 S. Jefferson St., Suite 333
60661
Chicago, IL 60661
312−535−5955
Fax: 312−535−5773
Email: aaron@ziglerlawgroup.com
*ATTORNEY TO BE NOTICED*

**Adam J. Levitt**
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Eleventh Floor
Chicago, IL 60602
312−214−7900
Email: alevitt@dicellolevitt.com
*ATTORNEY TO BE NOTICED*

**Adam Prom**
DiCello Levitt LLP
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
312−214−7900
Fax: 440−953−9138
Email: aprom@dicellolevitt.com
*ATTORNEY TO BE NOTICED*

**Ashley C. Keller**

Keller Postman LLC
2333 Ponce de Leon Blvd
Suite R−240
Coral Gables, FL 33134
833−633−0118
Email: ack@kellerpostman.com
*ATTORNEY TO BE NOTICED*

**Benjamin J Whiting**
Keller Postman LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
312−741−5220
Email: ben.whiting@kellerlenkner.com
*ATTORNEY TO BE NOTICED*

**Greg G Gutzler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alicia Pearlman**
*individually and on behalf of all others
similarly situated*
*TERMINATED: 02/18/2022*

represented by **Farzin Franklin Amanat**
(See above for address)
*TERMINATED: 06/10/2024*
*LEAD ATTORNEY*

**Greg G Gutzler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M. Zigler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adam J. Levitt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Adam Prom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ashley C. Keller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin J Whiting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Greg G Gutzler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patrick Yang**
*individually and on behalf of all others
similarly situated*
*TERMINATED: 07/30/2020*

represented by **Greg G Gutzler**
(See above for address)
*LEAD ATTORNEY*

**Adam J. Levitt**
(See above for address)

**Adam Prom**
(See above for address)

**Ashley C. Keller**
(See above for address)

**Plaintiff**

**Maryana Feigen**                          represented by   **Maryana Feigen**
*TERMINATED: 02/20/2020*                                    PRO SE

**Plaintiff**

**Travis Frost**                            represented by   **Travis Frost**
*TERMINATED: 02/20/2020*                                    PRO SE

**Plaintiff**

**Alana Sage**                              represented by   **Alana Sage**
*TERMINATED: 02/20/2020*                                    PRO SE

**Plaintiff**

**Skylar Werde**                            represented by   **Skylar Werde**
*TERMINATED: 02/20/2020*                                    PRO SE

**Plaintiff**

**Eric Passman**                            represented by   **Aaron M. Zigler**
*individually and on behalf of all others*                  (See above for address)
*similarly situated*                                        *ATTORNEY TO BE NOTICED*

                                                            **Adam J. Levitt**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Alex J Dravillas**
                                                            Keller Postman LLC
                                                            IL
                                                            150 N. Riverside Plaza
                                                            Suite 4100
                                                            Chicago, IL 60606
                                                            312−741−5220
                                                            Email: ajd@kellerpostman.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Francis Dender**
                                                            DiCello Levitt LLP
                                                            485 Lexington Ave
                                                            Ste 10th Floor
                                                            New York, NY 10017
                                                            646−933−1000
                                                            Email: cdender@dicellolevitt.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Benjamin J Whiting**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ishmael Alvarado**                        represented by   **Aaron M. Zigler**
*individually and on behalf of all others*                  (See above for address)
*similarly situated*                                        *ATTORNEY TO BE NOTICED*

                                                            **Adam J. Levitt**
                                                            (See above for address)

*ATTORNEY TO BE NOTICED*

**Alex J Dravillas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Francis Dender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin J Whiting**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Peloton Interactive, Inc.**                 represented by    **Andrew Soukup**
Covington & Burling, LLP (DC)
850 10th Street NW
Washington, DC 20001
(202)−662−5066
Fax: (202)−778−5066
Email: asoukup@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lilia Borislavova Vazova**
Latham & Watkins
1271 Avenue of the Americas
New York, NY 10020
212−906−1200
Email: lilia.vazova@lw.com
*TERMINATED: 05/21/2024*
*LEAD ATTORNEY*

**Marshall Alan Camp**
Hueston Hennigan LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
213−788−4541
Email: mcamp@hueston.com
*TERMINATED: 01/12/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Nathaniel Feldman**
Latham & Watkins
1271 Avenue of the Americas
New York, NY 10020
212−906−1200
Fax: 212−751−4864
Email: steve.feldman@lw.com
*TERMINATED: 05/21/2024*
*LEAD ATTORNEY*

**William Oliver Reckler**
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212−906−1200
Fax: 212−751−4864
Email: william.reckler@lw.com
*TERMINATED: 05/21/2024*

*LEAD ATTORNEY*

**William J. Trach**
Latham & Watkins LLP (Boston)
200 Clarendon Street
Boston, MA 02116
617−948−6000
Email: william.trach@lw.com
*TERMINATED: 05/21/2024*
*LEAD ATTORNEY*

**Alexis Kellert Godfrey**
Latham & Watkins
1271 Avenue of the Americas
New York, NY 10020
212−310−8468
Email: alexis.godfrey@lw.com
*TERMINATED: 05/21/2024*

**Haoxiaohan Helen Cai**
Hueston Hennigan LLP
523 W. 6th Street
Ste 400
Los Angeles, CA 90014
213−788−4340
Email: hcai@hueston.com
*TERMINATED: 01/12/2021*
*ATTORNEY TO BE NOTICED*

**Joshua Donovan Liston**
Beys Liston & Mobargha LLP
641 Lexington Avenue
14th Floor
New York, NY 10022
646−755−3601
Email: jliston@blmllp.com
*TERMINATED: 01/11/2021*
*ATTORNEY TO BE NOTICED*

**Mark Mosier**
Covington & Burling LLP
One CityCenter
850 Tenth St NW
Washington, DC 20001
202−662−5435
Email: mmosier@cov.com
*ATTORNEY TO BE NOTICED*

**Megan Alicia Behrman**
Latham & Watkins
1271 Avenue of the Americas
New York, NY 10020
212−906−1200
Fax: 212−751−4864
Email: megan.behrman@lw.com
*TERMINATED: 05/21/2024*

**Neha Jaganathan**
Covington & Burling LLP
One Front Street, 35th Floor
San Francisco, CA 94111
415−591−6000
Fax: 415−591−6091
Email: njaganathan@cov.com
*ATTORNEY TO BE NOTICED*

**Phyllis Jones**
Covington & Burling, LLP (DC)
850 10th Street NW
Washington, DC 20001
(202)−662−5868
Fax: (202)−778−5868
Email: pajones@cov.com
*ATTORNEY TO BE NOTICED*

**Shannon Marie Coit**
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
213−894−2854
Fax: 213−894−0081
Email: shannon_coit@fd.org
*TERMINATED: 01/12/2021*
*ATTORNEY TO BE NOTICED*

**Sourabh Mishra**
Hueston Hennigan LLP
620 Newport Center Drive
Suite 1300
Newport Beach, CA 92660
949−200−6750
Email: smishra@hueston.com
*TERMINATED: 01/12/2021*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/23/2019 | | **\*\*\*NOTICE TO ATTORNEY TO FILE CIVIL INITIAL PLEADING. Notice to Attorney Greg G Gutzler to electronically file the initial pleading in this case. Failure to file the initial pleading may result in the dismissal of the case pursuant to Amended Standing Order 15−mc−00131. Initial Pleading due by 12/30/2019. (pc)** (Entered: 12/23/2019) |
| 12/23/2019 | | **\*\*\*NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Greg G Gutzler. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (pc)** (Entered: 12/23/2019) |
| 12/23/2019 | 1 | COMPLAINT against Peloton Interactive, Inc.. (Filing Fee $ 400.00, Receipt Number ANYSDC−18344872)Document filed by Eric Fishon, Patrick Yang, Alicia Pearlman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Gutzler, Greg) (Entered: 12/23/2019) |
| 12/23/2019 | 2 | CIVIL COVER SHEET filed. (Gutzler, Greg) (Entered: 12/23/2019) |
| 12/23/2019 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Peloton Interactive, Inc,, re: 1 Complaint. Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang. (Gutzler, Greg) (Entered: 12/23/2019) |
| 12/23/2019 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Greg G Gutzler. The party information for the following party/parties has been modified: Eric Fishon, Patrick Yang, Alicia Pearlman. The information for the party/parties has been modified for the following reason/reasons: party text was omitted;. (pc)** (Entered: 12/23/2019) |
| 12/23/2019 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Greg G Gutzler. The following case opening statistical information was erroneously selected/entered: Cause of Action code 15:294; Nature of Suit code 190 (Contract: Other); Dollar Demand blank; Fee Status code due (due);. The following correction(s) have been made to your case entry: the Cause of Action code has** |

| | | |
|---|---|---|
| | | **been modified to 28:1332; the Nature of Suit code has been modified to 195 (Contract Product Liability); the Dollar Demand has been modified to $5,000,000; the Fee Status code has been modified to pd (paid);. (pc)** (Entered: 12/23/2019) |
| 12/23/2019 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Jed S. Rakoff. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district−judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf−related−instructions. (pc) (Entered: 12/23/2019) |
| 12/23/2019 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (pc) (Entered: 12/23/2019) |
| 12/23/2019 | | Case Designated ECF. (pc) (Entered: 12/23/2019) |
| 12/23/2019 | 4 | ELECTRONIC SUMMONS ISSUED as to Peloton Interactive, Inc.. (pc) (Entered: 12/23/2019) |
| 12/23/2019 | 5 | NOTICE OF APPEARANCE by Adam J Levitt on behalf of Eric Fishon, Alicia Pearlman, Patrick Yang. (Levitt, Adam) (Entered: 12/23/2019) |
| 12/27/2019 | 6 | WAIVER OF SERVICE RETURNED EXECUTED. Peloton Interactive, Inc. waiver sent on 12/26/2019, answer due 2/24/2020. Document filed by Eric Fishon; Patrick Yang; Alicia Pearlman. (Gutzler, Greg) (Entered: 12/27/2019) |
| 01/08/2020 | 7 | NOTICE OF COURT CONFERENCE: Initial Conference set for 1/24/2020 at 11:00 AM in Courtroom 14B, 500 Pearl Street, New York, NY 10007 before Judge Jed S. Rakoff, as further set forth in this order. (Signed by Judge Jed S. Rakoff on 1/8/2020) (jwh) (Entered: 01/08/2020) |
| 01/09/2020 | 8 | NOTICE OF APPEARANCE by Joshua Donovan Liston on behalf of Peloton Interactive, Inc.. (Liston, Joshua) (Entered: 01/09/2020) |
| 01/09/2020 | 9 | NOTICE OF APPEARANCE by Steven Nathaniel Feldman on behalf of Peloton Interactive, Inc.. (Feldman, Steven) (Entered: 01/09/2020) |
| 01/10/2020 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 1/10/2020. (Kotowski, Linda) (Entered: 01/22/2020) |
| 01/15/2020 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Peloton Interactive, Inc..(Liston, Joshua) (Entered: 01/15/2020) |
| 01/15/2020 | 11 | MOTION for Sourabh Mishra to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18514934. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit S. Misha Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Proposed Order)(Liston, Joshua) (Entered: 01/15/2020) |
| 01/16/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for Sourabh Mishra to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18514934. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/16/2020) |
| 01/17/2020 | 12 | NOTICE OF APPEARANCE by Marshall Alan Camp on behalf of Peloton Interactive, Inc.. (Camp, Marshall) (Entered: 01/17/2020) |
| 01/20/2020 | 13 | MOTION for Ashley C. Keller to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18544500. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang, Maryana Feigen, Travis Frost, Alana Sage, Skylar Werde. (Attachments: # 1 Declaration of Ashley C. Keller, # 2 Certificate of Good Standing, # 3 Proposed |

| | | |
|---|---|---|
| | | Order)(Keller, Ashley) (Entered: 01/20/2020) |
| 01/21/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 13 MOTION for Ashley C. Keller to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18544500. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/21/2020) |
| 01/21/2020 | 14 | ORDER RE ADMISSION PRO HAC VICE granting 11 Motion for Sourabh Mishra to Appear Pro Hac Vice. (Signed by Judge Jed S. Rakoff on 1/19/2020) (jwh) (Entered: 01/21/2020) |
| 01/23/2020 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: ( Initial Conference set for 2/20/2020 at 11:00 AM before Judge Jed S. Rakoff.). (Kotowski, Linda) (Entered: 01/23/2020) |
| 01/23/2020 | 15 | ORDER RE MOTION FOR ADMISSION PRO HAC VICE granting 13 Motion for Ashley C. Keller to Appear Pro Hac Vice. (Signed by Judge Jed S. Rakoff on 1/22/2020) (jwh) (Entered: 01/23/2020) |
| 02/04/2020 | | NOTICE OF CASE REASSIGNMENT to Judge Lewis J. Liman. Judge Jed S. Rakoff is no longer assigned to the case..(wb) (Entered: 02/04/2020) |
| 02/05/2020 | 16 | ORDER: Initial Conference set for 2/20/2020 at 11:00 AM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Lewis J. Liman. (Signed by Judge Lewis J. Liman on 2/5/2020) (ks) (Entered: 02/05/2020) |
| 02/10/2020 | 17 | NOTICE OF APPEARANCE by Aaron M. Zigler on behalf of Eric Fishon..(Zigler, Aaron) (Entered: 02/10/2020) |
| 02/13/2020 | 18 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/13/2020) |
| 02/13/2020 | 19 | NOTICE of Intent to File a Motion to Dismiss Pursuant to ECF No. 16 re: 16 Order for Initial Pretrial Conference. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/13/2020) |
| 02/18/2020 | 20 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** </font MOTION for Ashley Artmann to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18836912. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Affidavit Artmann Aff, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order).(Liston, Joshua) Modified on 2/18/2020 (vba). (Entered: 02/18/2020) |
| 02/18/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No. 20 MOTION for Ashley Artmann to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18836912. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): MUST PROPERLY LABEL: MOTION, AFFIDAVIT, PROPOSED ORDER;. Re−file the motion as a Corrected Motion to Appear Pro Hac Vice − attach the correct signed PDF − select the correct named filer/filers − attach valid Certificates of Good Standing issued within the past 30 days − attach Proposed Order.. (vba)** (Entered: 02/18/2020) |
| 02/19/2020 | 21 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** MOTION for Adam Prom to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18845929. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang. (Attachments: # 1 Affidavit / Declaration of Adam Prom in Support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order [Proposed] Order re Motion for Admission Pro Hac Vice).(Prom, Adam) Modified on 2/19/2020 (bcu). (Entered: 02/19/2020) |
| 02/19/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No. 21 MOTION for Adam Prom to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18845929. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Illinois;. Re−file the motion as a Corrected Motion to Appear** |

| | | |
|---|---|---|
| | | **Pro Hac Vice − attach the correct signed PDF − select the correct named filer/filers − attach valid Certificates of Good Standing issued within the past 30 days − attach Proposed Order.. (bcu)** (Entered: 02/19/2020) |
| 02/19/2020 | 22 | MOTION for Ashley Artmann to Appear Pro Hac Vice *(Corrected)*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 A. Artmann Declaration, # 2 Certificate of Good Standing, # 3 Proposed Order).(Liston, Joshua) (Entered: 02/19/2020) |
| 02/19/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 22 MOTION for Ashley Artmann to Appear Pro Hac Vice *(Corrected)* Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 02/19/2020) |
| 02/20/2020 | 23 | ORDER granting 22 Motion for Ashley Artmann to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MM) Transmission to Attorney Services/Help Desk. (Entered: 02/20/2020) |
| 02/20/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Initial Pretrial Conference held on 2/20/2020. Aaron Zigler and Adam Levitt present for Plaintiffs. Steven Feldman, Joshua Liston and Ashley Artmann present for Defendant. Court reporter present. (mf) (Entered: 02/20/2020) |
| 02/20/2020 | 24 | ORDER, Accordingly, IT IS HEREBY ORDERED that the following four individuals shall be dismissed from this case, as they were never intended to be parties to this litigation: Maryana Feigen, Travis Frost, Alana Sage, Skylar Werde. SO ORDERED. Alana Sage, Skylar Werde, Maryana Feigen and Travis Frost terminated. (Signed by Judge Lewis J. Liman on 2/20/2020) (kv) (Entered: 02/20/2020) |
| 02/20/2020 | 25 | CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. Any motion to amend or to join additional parties shall be filed no later than 3/20/2020. Fact Discovery due by 8/7/2020. Deposition due by 8/7/2020. Expert Discovery due by 8/7/2020. This case is to be tried to a jury. The parties have conferred and their present best estimate of the length of trial is: if a class is certified, 5−10 days; no class is certified, 4−6 days. Motions due by 9/4/2020. Responses due by 10/2/2020. Replies due by 10/16/2020. (Signed by Judge Lewis J. Liman on 2/20/2020) (va) (Entered: 02/20/2020) |
| 02/24/2020 | 26 | NOTICE of JOINT STIPULATED BRIEFING SCHEDULE FOR DEFENDANTS MOTION TO DISMISS. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/24/2020) |
| 03/02/2020 | 27 | MOTION for Adam Prom to Appear Pro Hac Vice *(Corrected)*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang. (Attachments: # 1 A. Prom Declaration in Support of Motion, # 2 Certificate of Good Standing, # 3 Proposed Order).(Prom, Adam) (Entered: 03/02/2020) |
| 03/02/2020 | 28 | ORDER granting 27 Motion for Adam Prom to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MM) Transmission to Attorney Services/Help Desk. (Entered: 03/03/2020) |
| 03/03/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 27 MOTION for Adam Prom to Appear Pro Hac Vice *(Corrected)*. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 03/03/2020) |
| 03/13/2020 | 29 | MOTION to Dismiss . Document filed by Peloton Interactive, Inc...(Liston, Joshua) (Entered: 03/13/2020) |
| 03/13/2020 | 30 | MEMORANDUM OF LAW in Support re: 29 MOTION to Dismiss . . Document filed by Peloton Interactive, Inc...(Liston, Joshua) (Entered: 03/13/2020) |
| 03/13/2020 | 31 | DECLARATION of Gil Aronow in Support re: 29 MOTION to Dismiss .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit Terms of Service, # 2 Exhibit J. Foley Letter, # 3 Exhibit Form S−1, # 4 Exhibit Subscription History, # 5 Exhibit Order History).(Liston, Joshua) (Entered: 03/13/2020) |

| 03/27/2020 | 32 | JOINT LETTER MOTION for Leave to File proposed protective order addressed to Judge Lewis J. Liman from Steven N. Feldman dated March 27, 2020. Document filed by Peloton Interactive, Inc...(Liston, Joshua) (Entered: 03/27/2020) |
|---|---|---|
| 03/27/2020 | 33 | MOTION for Shannon M. Coit to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−19255493. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Proposed Order).(Liston, Joshua) (Entered: 03/27/2020) |
| 03/27/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 33 MOTION for Shannon M. Coit to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−19255493. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ad)** (Entered: 03/28/2020) |
| 03/27/2020 | 34 | ORDER granting 33 Motion for Shannon M. Coit to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MM) Transmission to Attorney Services/Help Desk. (Entered: 03/30/2020) |
| 03/27/2020 | 35 | ORDER granting 32 Letter Motion for Leave to File Document (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MM) (Entered: 03/30/2020) |
| 04/03/2020 | 36 | RESPONSE in Opposition to Motion re: 29 MOTION to Dismiss . . Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang. (Attachments: # 1 Exhibit A − Declaration of Patrick Yang).(Gutzler, Greg) (Entered: 04/03/2020) |
| 04/09/2020 | 37 | PROPOSED PROTECTIVE ORDER. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit Proposed Protective Order, # 2 Exhibit Redline).(Liston, Joshua) (Entered: 04/09/2020) |
| 04/10/2020 | 38 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Lewis J. Liman on 4/10/2020) (mro) (Entered: 04/10/2020) |
| 04/10/2020 | 39 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/20/2020 before Judge Lewis J. Liman. Court Reporter/Transcriber: Martha Martin, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/1/2020. Redacted Transcript Deadline set for 5/11/2020. Release of Transcript Restriction set for 7/9/2020..(McGuirk, Kelly) (Entered: 04/10/2020) |
| 04/10/2020 | 40 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 2/20/2020 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 04/10/2020) |
| 04/13/2020 | | **\*\*\*DELETED DOCUMENT. Deleted document number 41 JOINT LETTER. The document was incorrectly filed in this case. (ldi)** (Entered: 04/16/2020) |
| 04/17/2020 | 41 | REPLY MEMORANDUM OF LAW in Support re: 29 MOTION to Dismiss . . Document filed by Peloton Interactive, Inc...(Liston, Joshua) (Entered: 04/17/2020) |
| 04/17/2020 | 42 | REPLY AFFIRMATION of Steven N. Feldman in Support re: 29 MOTION to Dismiss .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit October 21, 2009 Order, Serrano v. Cablevision Sys. Corp.).(Liston, Joshua) (Entered: 04/17/2020) |
| 06/11/2020 | 43 | PROPOSED PROTECTIVE ORDER. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit Proposed Protective Order, # 2 Exhibit Redline).(Feldman, Steven) (Entered: 06/11/2020) |
| 06/11/2020 | 44 | AMENDED PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Lewis J. Liman on 6/11/2020) (va) (Entered: 06/11/2020) |

| | | |
|---|---|---|
| 06/18/2020 | 45 | NOTICE OF APPEARANCE by Sourabh Mishra on behalf of Peloton Interactive, Inc...(Mishra, Sourabh) (Entered: 06/18/2020) |
| 06/23/2020 | 46 | NOTICE OF APPEARANCE by Haoxiaohan Helen Cai on behalf of Peloton Interactive, Inc...(Cai, Haoxiaohan) (Entered: 06/23/2020) |
| 06/23/2020 | 47 | LETTER MOTION for Discovery addressed to Judge Lewis J. Liman from Steven Feldman dated June 23, 2020. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Declaration of Sourabh Mishra).(Feldman, Steven) (Entered: 06/23/2020) |
| 06/25/2020 | 48 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Adam J. Levitt dated June 25, 2020 re: 47 LETTER MOTION for Discovery addressed to Judge Lewis J. Liman from Steven Feldman dated June 23, 2020. . Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang..(Gutzler, Greg) (Entered: 06/25/2020) |
| 06/28/2020 | 49 | ORDER: The Court is in receipt of Defendant's motion to take remote depositions of 21 absent class members (Dkt. No. 47) and Plaintiffs response (Dkt. No. 48). No later than 5:00 p.m. on June 30, 2020, Defendant shall file a reply not to exceed two single−spaced pages. The reply should identify with particularity the legal arguments for which the depositions would provide relevant factual support. SO ORDERED. ( Replies due by 6/30/2020.) (Signed by Judge Lewis J. Liman on 6/28/2020) (va) (Entered: 06/29/2020) |
| 06/29/2020 | 50 | NOTICE of Supplemental Authority re: 48 Response in Opposition to Motion,. Document filed by Eric Fishon, Alicia Pearlman, Patrick Yang..(Gutzler, Greg) (Entered: 06/29/2020) |
| 06/30/2020 | 51 | LETTER REPLY to Response to Motion addressed to Judge Lewis J. Liman from Steven Feldman dated June 30, 2020 re: 47 LETTER MOTION for Discovery addressed to Judge Lewis J. Liman from Steven Feldman dated June 23, 2020. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 06/30/2020) |
| 07/09/2020 | 52 | JOINT LETTER MOTION for Extension of Time to Complete Discovery *Deadlines* addressed to Judge Lewis J. Liman from Steven Feldman dated July 9, 2020. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 [Proposed] Amended Case Management Plan and Scheduling Order).(Feldman, Steven) (Entered: 07/09/2020) |
| 07/10/2020 | 53 | AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER granting 52 Letter Motion for Extension of Time to Complete Discovery. Dkt. No. 52 is GRANTED. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. Any motion to amend or to join additional parties shall be filed no later than March 20, 2020. This case is to be tried to a jury. The parties have conferred and their present best estimate of the length of trial is: if a class is certified, 5−7 days; if no class is certified, 4−6 days. (Signed by Judge Lewis J. Liman on 7/10/2020) (va) Modified on 7/10/2020 (va). (Entered: 07/10/2020) |
| 07/14/2020 | 54 | ORDER: IT IS HEREBY ORDERED that the parties shall appear for oral argument on Defendant's motion to take depositions of putative absent class members (Dkt. No. 27) on July 17, 2020 at 1:00 p.m. The argument will take place telephonically. The parties are directed to call (888) 251−2909 and use access code 2123101. SO ORDERED. ( Telephone Conference set for 7/17/2020 at 01:00 PM before Judge Lewis J. Liman.) (Signed by Judge Lewis J. Liman on 7/14/2020) (va) (Entered: 07/14/2020) |
| 07/14/2020 | 55 | LETTER MOTION to Continue *July 17, 2020 hearing date* addressed to Judge Lewis J. Liman from Sourabh Mishra dated July 14, 2020. Document filed by Peloton Interactive, Inc...(Mishra, Sourabh) (Entered: 07/14/2020) |
| 07/14/2020 | 56 | ORDER granting 55 Letter Motion to Continue. Application GRANTED. The parties shall appear for oral argument on July 20, 2020 at 1:00 p.m. They are directed to call (888) 251−2909 and use access code 2123101. Telephone Conference set for 7/20/2020 at 01:00 PM before Judge Lewis J. Liman. (Signed by Judge Lewis J. Liman on 7/14/2020) (va) (Entered: 07/15/2020) |

| | | |
|---|---|---|
| 07/20/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 7/20/2020 for an oral argument on Defendant's motion to take depositions of putative absent class members (Dkt. #27). Aaron Zigler, Adam Levitt, and Ashley Keller present by telephone for Plaintiffs. Sourabh Mishra, Haoxiaohan Cai, and Steven Feldman present by telephone for Defendant. Court reporter present by telephone. The Court heard arguments from both Plaintiffs and Defendant. Decision reserved, Order to follow. (mf) (Entered: 08/03/2020) |
| 07/27/2020 | 57 | OPINION & ORDER re: 47 LETTER MOTION for Discovery addressed to Judge Lewis J. Liman from Steven Feldman dated June 23, 2020, filed by Peloton Interactive, Inc. For the foregoing reasons, Peloton's motion is GRANTED IN PART. The Clerk of Court is respectfully directed to terminate Dkt. No. 47. SO ORDERED. (Signed by Judge Lewis J. Liman on 7/27/2020) (va) (Entered: 07/27/2020) |
| 07/29/2020 | 58 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above−captioned action is voluntarily dismissed, without prejudice against the defendant(s) Peloton Interactive, Inc.. Document filed by Patrick Yang. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)...**(Zigler, Aaron) (Entered: 07/29/2020) |
| 07/30/2020 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 58 Notice of Voluntary Dismissal was reviewed and referred to Judge Lewis J. Liman for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (km)** (Entered: 07/30/2020) |
| 07/30/2020 | 59 | NOTICE OF VOLUNTARY DISMISSAL BY PLAINTIFF PATRICK YANG, PURSUANT TO FED. R. CIV. P. 41: Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Patrick Yang voluntarily dismisses his claim against Defendant Peloton Interactive, Inc. without prejudice. Plaintiff Patrick Yang's voluntary dismissal of his claims without prejudice will not affect the claims of any proposed class in this action, or the claims of any other Plaintiffs in this action. Rule 41 addresses dismissal of actions rather than dismissal of parties. The Court construes this application as one addressed to the Court's power under Rule 15 or Rule 21, or its inherent power. No later than 5:00 p.m. on August 4, 2020, Defendant shall file any opposition to the dismissal of Patrick Yang without prejudice., Patrick Yang terminated. (Signed by Judge Lewis J. Liman on 7/30/2020) (ama) Modified on 1/22/2021 (ama). (Entered: 07/30/2020) |
| 08/04/2020 | 60 | LETTER addressed to Judge Lewis J. Liman from Steven Feldman dated August 4, 2020 re: Non−Opposition of Dismissal of Patrick Yang. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 08/04/2020) |
| 08/04/2020 | 61 | ORDER: The Court hereby SO ORDERS the voluntary dismissal of Patrick Yang pursuant to its authority under Rules 15 and 21 and its inherent power. To the extent the dismissal is predicated on Rule 15, the Court accepts Dkt. No. 60 as notice from Defendant that it relies on its initially−filed motions to dismiss. The Clerk of Court is respectfully directed to terminate plaintiff Patrick Yang. SO ORDERED. Patrick Yang (individually and on behalf of all others similarly situated) terminated. (Signed by Judge Lewis J. Liman on 8/4/2020) (va) (Entered: 08/04/2020) |
| 08/18/2020 | 62 | NOTICE OF APPEARANCE by Shannon Marie Coit on behalf of Peloton Interactive, Inc...(Coit, Shannon) (Entered: 08/18/2020) |
| 10/15/2020 | 63 | ORDER: I have become aware that my wife holds shares in Defendant Peloton Interactive, Inc. She intends to divest herself of the shares. Under Canon 3C(4) of the Code of Conduct for United States Judges, recusal is not required in this situation if divestment is made and it would not be in the public interest for me to recuse myself. The Court will provide notice as soon as the divestment occurs. SO ORDERED. (Signed by Judge Lewis J. Liman on 10/15/2020) (va) (Entered: 10/15/2020) |
| 11/02/2020 | 64 | ORDER: The parties are hereby provided notice that it has disposed of the Peloton shares that created the conflict of interest and that it has therefore purged itself of the conflict. The Court intends to continue to preside over this case. (Signed by Judge Lewis J. Liman on 11/2/2020) (cf) Modified on 11/2/2020 (cf). (Entered: 11/02/2020) |

| | | |
|---|---|---|
| 11/09/2020 | 65 | **Vacated as per Judge's Opinion & Order dated 5/2/2025, Doc. #345** OPINION AND ORDER: For the foregoing reasons, Defendant's motion to dismiss is GRANTED with respect to Plaintiff Alicia Pearlman. Defendant's motion to dismiss is DENIED with respect to Plaintiff Eric Fishon. The Clerk of Court is respectfully directed to close Dkt. No. 30. SO ORDERED. (Signed by Judge Lewis J. Liman on 11/9/2020) (va) Modified on 5/2/2025 (sgz). (Entered: 11/09/2020) |
| 11/23/2020 | 66 | ANSWER to 1 Complaint. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 11/23/2020) |
| 11/24/2020 | 67 | JOINT LETTER MOTION for Extension of Time to Complete Discovery *Deadlines* addressed to Judge Lewis J. Liman from Steven N. Feldman dated November 24, 2020. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 [Proposed] Amended Case Management Plan and Scheduling Order).(Feldman, Steven) (Entered: 11/24/2020) |
| 11/25/2020 | 68 | SECOND AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER granting 67 Letter Motion for Extension of Time to Complete Discovery. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. Any motion to amend or to join additional parties shall be filed no later than 1/15/2021. Depositions shall be completed by 4/9/2021. Defendant can depose Plaintiffs' expert(s) no later than 6/9/2021. Deposition due by 6/23/2021. The Court will set a schedule for remaining discovery after a decision on class certification but such discovery shall not extend beyond, and may be significantly shorter than, 120 days after the class certification ruling. This case is to be tried to a jury. The parties have conferred and their present best estimate of the length of trial is: is a class is certified, 5−7 days; if no class is certified, 4−6 days. Motions due by 5/10/2021. Defendant's opposition to class certification shall be filed no later than 6/9/2021. Plaintiffs' reply in support of motion for class certification shall be filed no later than 6/23/2021. (Signed by Judge Lewis J. Liman on 11/25/2020) (va) (Entered: 11/25/2020) |
| 11/25/2020 | | Set/Reset Deadlines: Fact Discovery due by 4/9/2021. Responses due by 6/9/2021. Replies due by 6/23/2021. (va) (Entered: 11/25/2020) |
| 01/04/2021 | 69 | NOTICE OF CHANGE OF ADDRESS by Steven Nathaniel Feldman on behalf of Peloton Interactive, Inc.. New Address: Latham & Watkins LLP, 885 Third Avenue, New York, New York, United States 10022, (212) 906−1200..(Feldman, Steven) (Entered: 01/04/2021) |
| 01/08/2021 | 70 | NOTICE OF APPEARANCE by Lilia Borislavova Vazova on behalf of Peloton Interactive, Inc...(Vazova, Lilia) (Entered: 01/08/2021) |
| 01/08/2021 | 71 | NOTICE OF APPEARANCE by Alexis Kellert on behalf of Peloton Interactive, Inc...(Kellert, Alexis) (Entered: 01/08/2021) |
| 01/08/2021 | 72 | NOTICE OF APPEARANCE by Megan Alicia Behrman on behalf of Peloton Interactive, Inc...(Behrman, Megan) (Entered: 01/08/2021) |
| 01/08/2021 | 73 | **FILING ERROR − DEFICIENT DOCKET ENTRY** − MOTION for William J. Trach to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−23427919. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Declaration in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit A − Certificate of Good Standing, # 3 Text of Proposed Order).(Trach, William) Modified on 1/11/2021 (wb). (Entered: 01/08/2021) |
| 01/08/2021 | 74 | MOTION for Joshua D. Liston to Withdraw as Attorney . Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Affidavit Local Rule 1.4 Declaration).(Liston, Joshua) (Entered: 01/08/2021) |
| 01/11/2021 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No. 73 MOTION for William J. Trach to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−23427919. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): expired Certificate of Good Standing from Massachusetts;. Re−file the motion as a Motion to Appear Pro Hac Vice − attach the correct signed PDF − select the correct named filer/filers − attach valid** |

| | | **Certificates of Good Standing issued within the past 30 days − attach Proposed Order.. (wb)** (Entered: 01/11/2021) |
|---|---|---|
| 01/11/2021 | 75 | ORDER granting 74 Motion to Withdraw as Attorney. Attorney Joshua Donovan Liston terminated (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (epb) (Entered: 01/11/2021) |
| 01/11/2021 | 76 | MOTION for Marshall A. Camp, Sourabh Mishra, Shannon M. Coit, Ashley Artmann and Haoxiaohan Cai to Withdraw as Attorney . Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Declaration of Sourabh Mishra).(Mishra, Sourabh) (Entered: 01/11/2021) |
| 01/12/2021 | 77 | ORDER granting 76 Motion to Withdraw as Attorney. Attorneys Shannon Marie Coit; Sourabh Mishra; Haoxiaohan Helen Cai and Marshall Alan Camp terminated (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (epb) (Entered: 01/12/2021) |
| 01/15/2021 | 78 | LETTER MOTION for Leave to File First Amended Complaint addressed to Judge Lewis J. Liman from Adam J. Levitt dated 01/15/2021. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit Proposed First Amended Complaint).(Levitt, Adam) (Entered: 01/15/2021) |
| 01/20/2021 | 79 | LETTER RESPONSE to Motion addressed to Judge Lewis J. Liman from Lilia B. Vazova dated January 20, 2021 re: 78 LETTER MOTION for Leave to File First Amended Complaint addressed to Judge Lewis J. Liman from Adam J. Levitt dated 01/15/2021. . Document filed by Peloton Interactive, Inc...(Vazova, Lilia) (Entered: 01/20/2021) |
| 01/20/2021 | 80 | ORDER granting 78 Letter Motion for Leave to File Document without opposition. Amended complaint to e filed by January 27, 2021. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 01/20/2021) |
| 01/21/2021 | 81 | ***STRICKEN DOCUMENT. Document number 81 has been stricken from the case record. The document was stricken from this case pursuant to 45 Opinion & Order striking document from record. FIRST AMENDED COMPLAINT amending 1 Complaint against Peloton Interactive, Inc. with JURY DEMAND.Document filed by Eric Fishon, Alicia Pearlman. Related document: 1 Complaint. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Gutzler, Greg) Modified on 1/22/2021 (pc). Modified on 1/22/2021 (pc). Modified on 5/2/2025 (sgz). (Entered: 01/21/2021) |
| 01/21/2021 | 82 | MOTION for William J. Trach to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Declaration in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit A − Certificate of Good Standing, # 3 Text of Proposed Order).(Trach, William) (Entered: 01/21/2021) |
| 01/21/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 82 MOTION for William J. Trach to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 01/21/2021) |
| 01/24/2021 | 83 | ORDER granting 82 Motion for William J. Trach to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (epb) (Entered: 01/24/2021) |
| 01/28/2021 | 84 | LETTER MOTION for Discovery *dispute* addressed to Judge Lewis J. Liman from Aaron M. Zigler dated 1/28/2021. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit A).(Zigler, Aaron) (Entered: 01/28/2021) |
| 02/01/2021 | 85 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Steven N. Feldman dated February 1, 2021 re: 84 LETTER MOTION for Discovery *dispute* addressed to Judge Lewis J. Liman from Aaron M. Zigler dated 1/28/2021. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/01/2021) |
| 02/01/2021 | 86 | DECLARATION of Lilia B. Vazova *in Support of Peloton Interactive, Inc.'s Response to Plaintiffs' Motion to Quash the Deposition Subpoena to Absent Class Member Dana McMahon*. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A− Email dated Jan 8, # 2 Exhibit B− Email dated Jan. 22, # 3 Exhibit C− Email dated |

| | | |
|---|---|---|
| | | Jan. 29).(Feldman, Steven) (Entered: 02/01/2021) |
| 02/02/2021 | 87 | ORDER: Plaintiffs have moved to quash Defendant's subpoena of Dana McMahon ("McMahon"), an unrepresented absent class member in this matter. The motion is denied. Plaintiffs do not have standing to bring this motion to quash. Plaintiffs' have not put forth any evidence that would lead the Court to alter this conclusion or to determine that McMahon's deposition will be unreasonably intrusive. The motion to quash is DENIED. (And as further set forth herein.) SO ORDERED. (Signed by Judge Lewis J. Liman on 2/2/2021) (jca) (Entered: 02/02/2021) |
| 02/04/2021 | 88 | MOTION to Dismiss *Plaintiff Alicia Pearlman's claims*. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/04/2021) |
| 02/04/2021 | 89 | MEMORANDUM OF LAW in Support re: 88 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/04/2021) |
| 02/18/2021 | 90 | MEMORANDUM OF LAW in Opposition re: 88 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims*. . Document filed by Eric Fishon, Alicia Pearlman..(Gutzler, Greg) (Entered: 02/18/2021) |
| 02/24/2021 | 91 | JOINT LETTER MOTION to Seal *re Confidentiality Designation* addressed to Judge Lewis J. Liman from Adam J. Levitt and Alexis Kellert dated 02/24/2021. Document filed by Eric Fishon, Alicia Pearlman..(Levitt, Adam) (Entered: 02/24/2021) |
| 02/25/2021 | 92 | REPLY MEMORANDUM OF LAW in Support re: 88 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 02/25/2021) |
| 03/05/2021 | 93 | NOTICE OF APPEARANCE by William Oliver Reckler on behalf of Peloton Interactive, Inc...(Reckler, William) (Entered: 03/05/2021) |
| 03/12/2021 | 94 | JOINT LETTER MOTION for Extension of Time to Complete Discovery *Deadlines* addressed to Judge Lewis J. Liman from Steven N. Feldman dated March 12, 2021. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 [Proposed] Third Amended Case Management Plan and Scheduling Order).(Feldman, Steven) (Entered: 03/12/2021) |
| 03/21/2021 | 95 | ORDER granting 94 Letter Motion for Extension of Time to Complete Discovery. Parties request for an extension of the discovery deadlines is GRANTED. The post−discovery conference will be held on November 4, 2021 at 11:00 am. SO ORDERED. Deposition due by 8/16/2021. Motions due by 9/15/2021. (Signed by Judge Lewis J. Liman on 3/21/2021) (va) (Entered: 03/22/2021) |
| 03/21/2021 | | Set/Reset Deadlines: Fact Discovery due by 8/16/2021. Responses due by 10/15/2021. Replies due by 10/29/2021. (va) (Entered: 03/22/2021) |
| 03/21/2021 | | Set/Reset Hearings: Status Conference set for 11/4/2021 at 11:00 AM before Judge Lewis J. Liman. (va) (Entered: 03/22/2021) |
| 05/03/2021 | 96 | NOTICE OF CHANGE OF ADDRESS by Alexis Kellert on behalf of Peloton Interactive, Inc.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York, United States 10020, 212−906−1200..(Kellert, Alexis) (Entered: 05/03/2021) |
| 05/03/2021 | 97 | NOTICE OF CHANGE OF ADDRESS by Lilia Borislavova Vazova on behalf of Peloton Interactive, Inc.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York, United States 10020, 212−906−1200..(Vazova, Lilia) (Entered: 05/03/2021) |
| 05/03/2021 | 98 | NOTICE OF CHANGE OF ADDRESS by William Oliver Reckler on behalf of Peloton Interactive, Inc.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York, United States 10020, 212−906−1200..(Reckler, William) (Entered: 05/03/2021) |
| 05/06/2021 | 99 | NOTICE OF CHANGE OF ADDRESS by Steven Nathaniel Feldman on behalf of Peloton Interactive, Inc.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York, United States 10020, 212−906−1200..(Feldman, Steven) (Entered: 05/06/2021) |

| 05/06/2021 | 100 | NOTICE OF CHANGE OF ADDRESS by Megan Alicia Behrman on behalf of Peloton Interactive, Inc.. New Address: Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York, United States 10020, 212−906−1200..(Behrman, Megan) (Entered: 05/06/2021) |
|---|---|---|
| 06/30/2021 | 101 | NOTICE OF APPEARANCE by Benjamin J Whiting on behalf of Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 06/30/2021) |
| 07/12/2021 | 102 | **Vacated as per Judge's Opinion & Order dated 5/2/2025, Doc. #345** OPINION AND ORDER re: 84 LETTER MOTION for Discovery *dispute* addressed to Judge Lewis J. Liman from Aaron M. Zigler dated 1/28/2021, filed by Eric Fishon, Alicia Pearlman; 88 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims*, filed by Peloton Interactive, Inc. For the following reasons, Pearlman's claims under the NYGBL are DISMISSED with prejudice. Pearlman has leave to amend the complaint to plead her claims under Michigan law within fourteen days of this Order. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 84 and 88. SO ORDERED. (Signed by Judge Lewis J. Liman on 7/12/2021) (va) Modified on 5/2/2025 (sgz). (Entered: 07/12/2021) |
| 07/20/2021 | 103 | LETTER MOTION for Extension of Time to Amend 102 Memorandum & Opinion,, addressed to Judge Lewis J. Liman from Benjamin Whiting dated 7/20/2021. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 07/20/2021) |
| 07/22/2021 | 104 | LETTER addressed to Judge Lewis J. Liman from William J. Trach dated July 22, 2021 re: opposition to Plaintiffs' letter−motion for an extension of time to file their Second Amended Complaint or, in the alternative, to stay. Document filed by Peloton Interactive, Inc...(Trach, William) (Entered: 07/22/2021) |
| 07/26/2021 | 105 | ORDER denying 103 Letter Motion for Extension of Time to Amend 102 Memorandum & Opinion, addressed to Judge Lewis J. Liman from Benjamin Whiting dated 7/20/2021. Plaintiffs' motion appears to be a calculated effort to prevent the Court from considering all issues relevant to the assertion of New York− and Michigan−based class claims in a single class action. (Defendant also suggests that Plaintiffs may attempt to amend to assert claims based on the laws of other States. Dkt. No. 94). That would foster inefficiency. The assertion in a single action of class claims based on New York and Michigan law may go to any number of the Rule 23(a) and Rule 23(b)(3) factors including manageability. Without prejudging now (and without the benefit of briefing), the relevance to this case of class claims asserted under two bodies of law, it would disserve the interests of efficiency as well as the goals of Rule 23 for the Court to determine whether a New York class can be certified only to later consider, if the Court determines to certify a class, whether a Michigan class can be added to the case or alternatively whether the proposed addition of the Michigan class should cause the Court to decertify the action in its entirety. For the foregoing reasons, Plaintiffs' motion is DENIED. SO ORDERED. (Signed by Judge Lewis J. Liman on 7/26/2021) (va) (Entered: 07/26/2021) |
| 07/26/2021 | 106 | ***STRICKEN DOCUMENT. Document number 81 has been stricken from the case record. The document was stricken from this case pursuant to 45 Opinion & Order striking document from recordSECOND AMENDED COMPLAINT amending 81 Amended Complaint, against Peloton Interactive, Inc. with JURY DEMAND.Document filed by Eric Fishon, Alicia Pearlman. Related document: 81 Amended Complaint,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Gutzler, Greg) Modified on 5/2/2025 (sgz). (Entered: 07/26/2021) |
| 08/09/2021 | 107 | MOTION to Dismiss *Plaintiff Alicia Pearlman's claims in the Second Amended Class Action Complaint* 106 . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 08/09/2021) |
| 08/09/2021 | 108 | MEMORANDUM OF LAW in Support re: 107 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims in the Second Amended Class Action Complaint 106* . . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 08/09/2021) |
| 08/23/2021 | 109 | RESPONSE in Opposition to Motion re: 107 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims in the Second Amended Class Action Complaint 106* . . Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit Exhibit A).(Gutzler, Greg) (Entered: 08/23/2021) |

| 08/25/2021 | 110 | NOTICE: I previously provided notice that I had become aware that my wife held shares in Defendant Peloton Interactive, Inc. Dkt. No. 63. My wife divested herself of the shares shortly thereafter. Dkt. No. 64. Earlier this month, I became aware that an investment advisor bought a total of 550 shares, split between an account for my wife and a joint account. Those purchases were made in the period between April 2021 and May 2021. I was not aware of the purchases at the time they were made, I did not make any decisions or issue any orders in this case at any time I was aware of the share ownership, and my wife and I are in the process of divesting ourselves of the position. SO ORDERED. (Signed by Judge Lewis J. Liman on 8/25/2021) (va) (Entered: 08/25/2021) |
|---|---|---|
| 08/30/2021 | 111 | REPLY MEMORANDUM OF LAW in Support re: 107 MOTION to Dismiss *Plaintiff Alicia Pearlman's claims in the Second Amended Class Action Complaint 106* . . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 08/30/2021) |
| 08/31/2021 | 112 | NOTICE: The Court has disposed of the securities that were the subject of the Notice at Dkt. No. 110. SO ORDERED. (Signed by Judge Lewis J. Liman on 8/31/2021) (rj) (Entered: 08/31/2021) |
| 09/03/2021 | 113 | LETTER MOTION to Compel Peloton Interactive, Inc. to Respond to Plaintiffs Third and Fourth Sets of Interrogatories addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 9/03/2021. Document filed by Eric Fishon. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Whiting, Benjamin) (Entered: 09/03/2021) |
| 09/08/2021 | 114 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Lilia Vazova dated September 8, 2021 re: 113 LETTER MOTION to Compel Peloton Interactive, Inc. to Respond to Plaintiffs Third and Fourth Sets of Interrogatories addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 9/03/2021. . Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A ––Def. Resp. & Objs. To Pl.'s Interrogatories, # 2 Exhibit B ––Stanton Deposition (excerpts), # 3 Exhibit C ––Def. Res. And Objs. To 30(b)(6) Notice, # 4 Exhibit D ––Letter from Peloton Counsel to Plaintiffs dated August 12, 2021).(Vazova, Lilia) (Entered: 09/08/2021) |
| 09/09/2021 | 115 | ORDER denying 113 Letter Motion to Compel. Plaintiffs Eric Fishon and Alisha Pearlman move to compel responses by Defendant Peloton Interactive, Inc. (Peloton) to Plaintiffs Third Set of Interrogatories and Fourth Set of Interrogatories. Dkt. No. 113. The motion is denied. (As further set forth herein.) SO ORDERED. (Signed by Judge Lewis J. Liman on 9/9/2021) (va) (Entered: 09/09/2021) |
| 09/16/2021 | 116 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 9/15/2021. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 117 | MOTION to Certify Class . Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 118 | MEMORANDUM OF LAW in Support re: 117 MOTION to Certify Class . . Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 119 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 117 MOTION to Certify Class . . Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 116 .(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 120 | ***SELECTED PARTIES***DECLARATION of Dr. J. Michael Dennis in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 116 .(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 121 | ***SELECTED PARTIES***DECLARATION of Colin B. Weir in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 116 .(Whiting, Benjamin) (Entered: 09/16/2021) |

| | | |
|---|---|---|
| 09/16/2021 | 122 | DECLARATION of Adam J. Levitt in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 123 | DECLARATION of Aaron M. Zigler in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 124 | DECLARATION of Ben Whiting in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 125 | **FILING ERROR − DEFICIENT DOCKET ENTRY (SEE DOCUMENT #129) −** ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)Motion or Order to File Under Seal: 116 .(Whiting, Benjamin) Modified on 9/17/2021 (ldi). (Entered: 09/16/2021) |
| 09/16/2021 | 126 | **FILING ERROR − DEFICIENT DOCKET ENTRY (SEE DOCUMENT #130) −** ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)Motion or Order to File Under Seal: 116 .(Whiting, Benjamin) Modified on 9/17/2021 (ldi). (Entered: 09/16/2021) |
| 09/16/2021 | 127 | LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 9/16/2021. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 128 | ORDER granting 127 Letter Motion for Extension of Time (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (epb) (Entered: 09/16/2021) |
| 09/16/2021 | 129 | DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37).(Whiting, Benjamin) (Entered: 09/16/2021) |
| 09/16/2021 | 130 | ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 Part 1, # 5 Exhibit 4 Part 2, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37)Motion |

| | | |
|---|---|---|
| | | or Order to File Under Seal: 116 .(Whiting, Benjamin) (Entered: 09/16/2021) |
| 10/15/2021 | 131 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Steven N. Feldman dated October 15, 2021. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 132 | ***SELECTED PARTIES***DECLARATION of Bruce A. Strombom, Ph.D. in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 133 | ***SELECTED PARTIES***DECLARATION of Joel H. Steckel, Ph.D. in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 134 | ***SELECTED PARTIES***DECLARATION of Rebecca Kirk Fair in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. (Attachments: # 1 Supporting Materials, # 2 Appendices)Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 135 | MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 136 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 117 MOTION to Certify Class . . Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 131 .(Reckler, William) (Entered: 10/15/2021) |
| 10/15/2021 | 137 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 138 | MEMORANDUM OF LAW in Opposition re: 117 MOTION to Certify Class . . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 139 | MEMORANDUM OF LAW in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 10/15/2021) |
| 10/15/2021 | 140 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts (Volume 1) [Redacted] / in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − Facebook Webpage, # 2 Exhibit 2 − Peloton Form S1, # 3 Exhibit 4 − Peloton Support Webpage, # 4 Exhibit 5 − Peloton App Webpage, # 5 Exhibit 10 − Peloton Offer Webpage, # 6 Exhibit 11 − Peloton 2021 10K, # 7 Exhibit 13 − Appx of Sample Advertisements, # 8 Exhibit 13a − Appx of Sample Advertisements, # 9 Exhibit 13b − Appx of Sample Advertisements, # 10 Exhibit 13c − Appx of Sample Advertisements, # 11 Exhibit 16 − Aronow Declaration, # 12 Exhibit 22 − Pearlman Deposition, # 13 Exhibit 23 − Fishon Deposition, # 14 Exhibit 25 − Mar 25 2019 Email, # 15 Exhibit 26 − Peloton Terms of Service).(Behrman, Megan) (Entered: 10/16/2021) |
| 10/16/2021 | 141 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts (Volume 1) / in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 3 −− Peloton Class Chart, # 2 Exhibit 6 −−2019 Peloton Presentation, # 3 Exhibit 7 −−Deposition Transcript, # 4 Exhibit 8 −−Deposition Transcript, # 5 Exhibit 9 −−Deposition Transcript, # 6 Exhibit 12 −−Deposition Transcript, # 7 Exhibit 14 −−Marketing |

|  |  |  |
|---|---|---|
|  |  | Spend, # 8 Exhibit 15 —Appx of Alleged Misstatements, # 9 Exhibit 17 —Deposition Transcript, # 10 Exhibit 18 —Deposition Transcript, # 11 Exhibit 19 —Deposition Transcript, # 12 Exhibit 20 —Deposition Transcript, # 13 Exhibit 21 —Deposition Transcript, # 14 Exhibit 24 —Apr 9 2018 Letter, # 15 Exhibit 27 —Deposition Transcript, # 16 Exhibit 28 —2020 Peloton Presentation)Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/16/2021) |
| 10/16/2021 | 142 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts (Volume 2) [Redacted] / in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 29 − May 24 2019 Email, # 2 Exhibit 30 − Fishon Deposition Video, # 3 Exhibit 31 − April 25 2019 Email, # 4 Exhibit 32 − Fishon RFA Responses, # 5 Exhibit 34 − Peloton Subscription Terms, # 6 Exhibit 35 − Peloton Website Popup, # 7 Exhibit 36 − Sample Social Media Posts, # 8 Exhibit 39 − Fishon ROG Responses, # 9 Exhibit 45 − Intentionally omitted, # 10 Exhibit 52 − McMorrow Dennis Report, # 11 Exhibit 53 − Buckeye Dennis Report, # 12 Exhibit 54 − Maeda Dennis Rebuttal Report, # 13 Exhibit 55 − Sharpe Dennis Report, # 14 Exhibit 56 − Broomfield Dennis Report, # 15 Exhibit 57 − Fitzhenry Dennis Report, # 16 Exhibit 58 − de Lacour Dennis Report, # 17 Exhibit 59 − Bowling Dennis Report, # 18 Exhibit 60 − Gregorio Dennis Deposition, # 19 Exhibit 61 − Cabrera Dennis Report, # 20 Exhibit 62 − Vizcarra Dennis Report − Part 1, # 21 Exhibit 62 − Vizcarra Dennis Report − Part 2, # 22 Exhibit 62 − Vizcarra Dennis Report − Part 3, # 23 Exhibit 63 − Willis Dennis Report).(Behrman, Megan) (Entered: 10/16/2021) |
| 10/16/2021 | 143 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts (Volume 2) / in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 33 —Fishon Customer Support, # 2 Exhibit 37 —Internship Application, # 3 Exhibit 38 —Deposition Transcript, # 4 Exhibit 40 —2019 Peloton Presentation, # 5 Exhibit 41 —Deposition Transcript, # 6 Exhibit 42 —Aug 20 2021 Email, # 7 Exhibit 43 —Sept 14 2021 Email, # 8 Exhibit 44 —Jan 8 2021 Email, # 9 Exhibit 46 —Fishon Member Profile, # 10 Exhibit 47 —Fishon Order History, # 11 Exhibit 48 —Fishon Subscription History, # 12 Exhibit 49 —Pearlman Member Profile, # 13 Exhibit 50 —Pearlman Order History, # 14 Exhibit 51 —Pearlman Subscription History)Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/16/2021) |
| 10/18/2021 | 144 | CERTIFICATE OF SERVICE of Declaration of Megan A. Behrman in Support of Peloton Interactive, Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts (with exhibits) served on Plaintiffs on October 15, 2021. Service was made by electronic mail. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 10/18/2021) |
| 10/20/2021 | 145 | NOTICE OF APPEARANCE by Farzin Franklin Amanat on behalf of Eric Fishon, Alicia Pearlman..(Amanat, Farzin) (Entered: 10/20/2021) |
| 10/21/2021 | 146 | LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated October 21, 2021. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Text of Proposed Order Ex A − Proposed Order ISO Extension).(Whiting, Benjamin) (Entered: 10/21/2021) |
| 10/21/2021 | 147 | ORDER granting 146 Letter Motion for Extension of Time (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 10/21/2021) |
| 10/26/2021 | 148 | ***SELECTED PARTIES***DECLARATION of Bruce A. Strombom, Ph.D. (*Corrected) in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 131 .(Feldman, Steven) (Entered: 10/26/2021) |
| 11/01/2021 | 149 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Benjamin Whiting dated 11/01/2021. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 11/01/2021) |

| 11/01/2021 | 150 | REPLY MEMORANDUM OF LAW in Support re: 117 MOTION to Certify Class . . Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 11/01/2021) |
|---|---|---|
| 11/01/2021 | 151 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 117 MOTION to Certify Class . . Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 149 .(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 152 | DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 1 Ryan Dillon−Curran Excerpts, # 2 Exhibit 2 Bradley Olson Excerpts, # 3 Exhibit 3 Timeline, # 4 Exhibit 4 Graham Stanton Excerpts, # 5 Exhibit 5 Carolyn Tisch−Blodgett Excerpts, # 6 Exhibit 6 Brad Greenawalt Excerpts, # 7 Exhibit 7 Amended Initial Disclosures, # 8 Exhibit 8 Gil Aronow Excerpts, # 9 Exhibit 9 Eric Fishon Excerpts, # 10 Exhibit 10 Alicia Pearlman Excerpts, # 11 Exhibit 11 Deposition Excerpts, # 12 Exhibit 12 Deposition Excerpts, # 13 Exhibit 13 Deposition Excerpts, # 14 Exhibit 14 Deposition Excerpts, # 15 Exhibit 15 J. Michael Dennis Excerpts, # 16 Exhibit 16 Declaration of Adam Levitt, # 17 Exhibit 17 Declaration of Benjamin Whiting, # 18 Exhibit 18 Declaration, # 19 Exhibit 19 Declaration).(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 153 | ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 Ryan Dillon−Curran Excerpts, # 2 Exhibit 2 Bradley Olson Excerpts, # 3 Exhibit 3 Timeline, # 4 Exhibit 4 Graham Stanton Excerpts, # 5 Exhibit 5 Carolyn Tisch−Blodgett Excerpts, # 6 Exhibit 6 Brad Greenawalt Excerpts, # 7 Exhibit 8 Gil Aronow Excerpts, # 8 Exhibit 11 Deposition Excerpts, # 9 Exhibit 12 Deposition Excerpts, # 10 Exhibit 13 Deposition Excerpts, # 11 Exhibit 14 Deposition Excerpts, # 12 Exhibit 15 Dennis Excerpts, # 13 Exhibit 18 Declaration, # 14 Exhibit 19 Declaration)Motion or Order to File Under Seal: 149 .(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 154 | MEMORANDUM OF LAW in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. . Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 155 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. . Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 149 .(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 156 | AFFIDAVIT of Alex J. Dravillas in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 1 J. Michael Dennis Excerpts, # 2 Exhibit 2 Joel Steckel Excerpts, # 3 Exhibit 3 Bradley Olson Excerpts, # 4 Exhibit 4 Ryan Dillon−Curran Excerpts, # 5 Exhibit 5 Colin Weir Excerpts).(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 157 | ***SELECTED PARTIES***AFFIDAVIT of Alex J. Dravillas in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 J. Michael Dennis Excerpts, # 2 Exhibit 2 Joel Steckel Excerpts, # 3 Exhibit 3 Bradley Olson Excerpts, # 4 Exhibit 4 Ryan Dillon−Curran Excerpts, # 5 Exhibit 5 Colin Weir Excerpts)Motion or Order to File Under Seal: 149 .(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 158 | ***SELECTED PARTIES***AFFIDAVIT of J. Michael Dennis in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 149 .(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/01/2021 | 159 | ***SELECTED PARTIES***AFFIDAVIT of Colin B. Weir in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to* |

| | | |
|---|---|---|
| | | *Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 149 .(Whiting, Benjamin) (Entered: 11/01/2021) |
| 11/03/2021 | | ORDER: The Status Conference previously set for November 4, 2021 is RESCHEDULED to December 27, 2021 at 2:00PM. The conference will be held remotely by telephone and parties are directed to dial into the Court's teleconference line at 888−251−2909 and use access code 2123101. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 11/03/2021) |
| 11/03/2021 | | Set/Reset Hearings: Status Conference set for 12/27/2021 at 02:00 PM before Judge Lewis J. Liman. (mf) (Entered: 11/03/2021) |
| 11/11/2021 | 160 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Steven N. Feldman dated November 11, 2021. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 11/11/2021) |
| 11/11/2021 | 161 | REPLY MEMORANDUM OF LAW in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 11/11/2021) |
| 11/11/2021 | 162 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 160 .(Feldman, Steven) (Entered: 11/11/2021) |
| 11/11/2021 | 163 | DECLARATION of Megan A. Behrman in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 64 − Strombom Deposition, # 2 Exhibit 65 − Cameron Article, # 3 Exhibit 66 − McFadden Article).(Feldman, Steven) (Entered: 11/11/2021) |
| 12/26/2021 | | ORDER: The Telephonic Status Conference previously set for December 27, 2021 is RESCHEDULED to January 11, 2022 at 11:00AM. Parties are reminded to dial into the Court's teleconference line at 888−251−2909 and use access code 2123101. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 12/26/2021) |
| 12/26/2021 | | Set/Reset Hearings: Status Conference set for 1/11/2022 at 11:00 AM before Judge Lewis J. Liman. (mf) (Entered: 12/26/2021) |
| 01/07/2022 | 164 | NOTICE of Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Motion for Class Certification re: 117 MOTION to Certify Class ., 118 Memorandum of Law in Support of Motion. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit A).(Levitt, Adam) (Entered: 01/07/2022) |
| 01/07/2022 | 165 | ORDER: There is a conference in this matter scheduled for Tuesday, January 11, 2022 at 11:00 a.m. At the conference, the parties should be prepared to address whether Mr. Fishon meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). SO ORDERED. (Signed by Judge Lewis J. Liman on 1/7/2022) (va) (Entered: 01/07/2022) |
| 01/11/2022 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Status Conference held on 1/11/2022 by Telephone Conference. Adam Levitt, Saul Cohen, Benjamin Whiting, Alex Dravillas and Aaron Zigler present by telephone for Plaintiffs. William Reckler, Steven Feldman, Lilia Vazova, and Jooyoung Yeu present by telephone for Defendant. Court reporter present by telephone. The Court heard from parties regarding whether Mr. Fishon meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). Argument taken under advisement, decision reserved by the Court. Parties directed to order a copy of the transcript of the hearing on an expedited basis. (mf) (Entered: 02/06/2022) |
| 01/19/2022 | 166 | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/11/2021 before Judge Lewis J. Liman. Court Reporter/Transcriber: Andrew Walker, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After |

| | | |
|---|---|---|
| | | that date it may be obtained through PACER. Redaction Request due 2/9/2022. Redacted Transcript Deadline set for 2/22/2022. Release of Transcript Restriction set for 4/19/2022..(Moya, Goretti) (Entered: 01/19/2022) |
| 01/19/2022 | <u>167</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/11/22 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 01/19/2022) |
| 01/19/2022 | <u>168</u> | **Vacated as per Judge's Opinion & Order dated 5/2/2025, Doc. #345** OPINION AND ORDER re: <u>135</u> MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*. filed by Peloton Interactive, Inc., <u>117</u> MOTION to Certify Class . filed by Eric Fishon, Alicia Pearlman, <u>107</u> MOTION to Dismiss *Plaintiff Alicia Pearlman's claims in the Second Amended Class Action Complaint* <u>106</u> . filed by Peloton Interactive, Inc. Peloton's motion to dismiss plaintiff Pearlman's claim is GRANTED, and Pearlman's complaint is dismissed without prejudice. Plaintiffs' motion for class certification is DENIED. In light of the Court's denial of the motion for class certification, Peloton's pending motion to exclude the testimony of Plaintiffs' experts is DENIED as moot. Any amended complaint must be filed on or before February 18, 2022. Assuming that an amended complaint is filed, the Court will hold a case management conference to discuss the schedule for any remaining discovery and for renewed motions for class certification. The Clerk of Court is respectfully directed to close Dkt. Nos. 107, 117, and 135. SO ORDERED., ( Amended Pleadings due by 2/18/2022.) (Signed by Judge Lewis J. Liman on 1/19/22) (yv) Modified on 5/2/2025 (sgz). (Entered: 01/20/2022) |
| 01/21/2022 | <u>169</u> | ORDER granting in part and denying in part <u>116</u> Letter Motion to Seal; granting in part and denying in part <u>131</u> Letter Motion to Seal; granting in part and denying in part <u>149</u> Letter Motion to Seal; denying <u>160</u> Letter Motion to Seal. The Court has before it four motions to seal. See Dkt. Nos. 116, 131, 149, 160. The motions are directed to documents currently filed under seal at various docket entries. The motions at Dkt. Nos. 116, 131, and 149 are granted in part and denied in part. The motion at Dkt. No. 160 is denied. The following redactions−which are addressed in the motions at Dkt Nos. 116, 131, and 149−are permitted: In Dkt. No. 119: On page 2 (page 10 of the PDF): the proposed redaction of the second sentence of the last paragraph, appearing directly after "a ubiquitous feature of its advertising"; On page 4 (page 12 of the PDF): the proposed redactions immediately following "class offerings in Peloton's library," "this same survey found," and "[s]o 'obvious' to Peloton was it that"; On page 6 (page 15 of the PDF): the proposed redaction following "dominate the home fitness market, because...." In Dkt. No. 136: On page 23 and continuing onto page 24 (pages 31 and 32 of the PDF): the proposed redaction in the parenthetical following "2018 Annual Member Survey, at 10..." In Dkt. No. 151: On page 2 and continuing onto page 3 (pages 8 and 9 of the PDF): the proposed redaction following "[i]ndeed, Peloton's website is"; On page 3 (page 9 of the PDF): the proposed redaction between "[a]ccording to" and "[a]nd as Peloton's former Head of Global Marketing testified...." The requests for the remaining proposed redactions in Dkt. Nos. 119, 130, 136, 137, 141, 143, 151, 153, 155, 162 are denied. The parties are directed to file these documents on the public docket with only the approved reactions no later than January 28, 2022. The motions also request that certain documents or depositions which are exhibits to filings related to the class certification motion or motion to exclude expert testimony be filed under seal in their entireties. That request is inconsistent with the narrow tailoring principle of Lugosch v. Pyramid Company of Onondaga, 435 F.3d 110 (2d Cir. 2006). As presently framed, the request for sealing of the documents is denied. The Court will, however, suspend the effect of that denial for fourteen days, in order to give the parties an opportunity to propose narrowly tailored redactions of the documents and depositions taking into account the redactions allowed by this Order and those permitted by Lugosch. In the absence of a renewed motion directed to the documents and depositions with more narrowly tailored redactions, the Court will direct the Clerk to unseal the documents and deposition transcripts that have been filed entirely under seal on or after January 28, 2022. SO ORDERED. (Signed by Judge Lewis J. Liman on 1/21/2022) (vfr) (Entered: 01/21/2022) |

| | | |
|---|---|---|
| 01/28/2022 | 170 | MEMORANDUM OF LAW in Opposition re: 117 MOTION to Certify Class . *[Updated redactions pursuant to the Court's Order at ECF No. 169 –– formerly filed under seal at ECF No. 136].* Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 171 | MEMORANDUM OF LAW in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts. [Unredacted pursuant to the Court's Order at ECF No. 169 –– formerly filed under seal at ECF No. 137].* Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 172 | REPLY MEMORANDUM OF LAW in Support re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts. [Unredacted pursuant to the Court's Order at ECF No. 169 –– formerly filed under seal at ECF No. 162].* Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 173 | JOINT LETTER MOTION to Seal ––*Renewed Letter Motion to Seal Pursuant to the Court's Order at ECF No. 169* addressed to Judge Lewis J. Liman from Steven N. Feldman dated January 28, 2022. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 174 | MEMORANDUM OF LAW in Support re: 117 MOTION to Certify Class . *Updated redactions pursuant to the Court's Order at ECF No. 169 –– formerly filed under seal at ECF No. 119.* Document filed by Eric Fishon, Alicia Pearlman...(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 175 | DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 176 | REPLY MEMORANDUM OF LAW in Support re: 117 MOTION to Certify Class . *Unredacted pursuant to the Court's Order at ECF No. 169 –– formerly filed under seal at ECF No. 151.* Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 177 | DECLARATION of Alex J. Dravillas in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 178 | MEMORANDUM OF LAW in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts. Unredacted pursuant to the Court's Order at ECF No. 169 –– formerly filed under seal at ECF No. 155.* Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 179 | DECLARATION of Bruce A. Strombom, Ph.D. [Newly proposed redactions pursuant to ECF No. 173 –– formerly filed under seal at ECF No. 132] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 180 | ***SELECTED PARTIES***DECLARATION of Colin B. Weir in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 173 .(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 181 | ***SELECTED PARTIES***DECLARATION of Bruce A. Strombom, Ph.D. [Formerly filed under seal at ECF No. 132] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 173 .(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 182 | DECLARATION of Bruce A. Strombom, Ph.D. [Newly proposed redactions pursuant to ECF No. 173 –– formerly filed under seal at ECF No. 148] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 183 | ***SELECTED PARTIES***DECLARATION of Bruce A. Strombom, Ph.D. [Formerly filed under seal at ECF No. 148] in Opposition re: 117 MOTION to Certify |

| | | |
|---|---|---|
| | | Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 173 .(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 184 | ***SELECTED PARTIES***DECLARATION of Colin B. Weir in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 173 .(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 185 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts [Unredacted pursuant to the Court's Order at ECF No. 169 — formerly filed under seal at ECF Nos. 141, 143; with newly redacted exhibits pursuant to ECF No. 173] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 3 − Class Chart, # 2 Exhibit 6 − 2019 Peloton Presentation, # 3 Exhibit 12 − Deposition Transcript, # 4 Exhibit 14 − Marketing Spend, # 5 Exhibit 15 − Appx of Alleged Misstatements, # 6 Exhibit 28 − 2020 Peloton Presentation, # 7 Exhibit 29 − May 24 2019 Email, # 8 Exhibit 31 − Apr 25 2019 Email, # 9 Exhibit 33 − Fishon Customer Support, # 10 Exhibit 37 − Internship Application, # 11 Exhibit 40 − 2019 Peloton Presentation, # 12 Exhibit 42 − Aug 20 2021 Email, # 13 Exhibit 43 − Sept 14 2021 Email, # 14 Exhibit 44 − Jan 8 2021 Email, # 15 Exhibit 46 − Fishon Member Profile, # 16 Exhibit 47 − Fishon Order History, # 17 Exhibit 48 − Fishon Subscription History, # 18 Exhibit 49 − Pearlman Member Profile, # 19 Exhibit 50 − Pearlman Order History, # 20 Exhibit 51 − Pearlman Subscription History).(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 186 | ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Support re: 173 JOINT LETTER MOTION to Seal −−*Renewed Letter Motion to Seal Pursuant to the Court's Order at ECF No. 169* addressed to Judge Lewis J. Liman from Steven N. Feldman dated January 28, 2022.. Document filed by Eric Fishon, Alicia Pearlman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − Proposed Redactions to Former ECF No. 126−2, # 2 Exhibit 2 − Proposed Redactions to Former ECF No. 126−14, # 3 Exhibit 3 − Proposed Redactions to Former ECF No. 126−15, # 4 Exhibit 4 − Proposed Redactions to Former ECF No. 126−16, # 5 Exhibit 5 − Proposed Redactions to Former ECF No. 126−17, # 6 Exhibit 6 − Proposed Redactions to Former ECF No. 126−18, # 7 Exhibit 7 − Proposed Redactions to Former ECF No. 126−23, # 8 Exhibit 8 − Proposed Redactions to Former ECF No. 126−25, # 9 Exhibit 9 − Proposed Redactions to Former ECF No. 126−29, # 10 Exhibit 10 − Proposed Redactions to Former ECF No. 153−1, # 11 Exhibit 11 − Proposed Redactions to Former ECF No. 153−2, # 12 Exhibit 12 − Proposed Redactions to Former ECF No. 153−3, # 13 Exhibit 13 − Proposed Redactions to Former ECF No. 153−6, # 14 Exhibit 14 − Proposed Redactions to Former ECF No. 157−3, # 15 Exhibit 15 − Proposed Redactions to Former ECF No. 157−4)Motion or Order to File Under Seal: 173 .(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 187 | DECLARATION of Rebecca Kirk Fair [Newly proposed redactions pursuant to ECF No. 173—formerly filed under seal at ECF No. 134] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Supporting Materials and Appendices A−B, # 2 Appendix C, # 3 Appendix D, # 4 Appendix E−G, # 5 Appendix H).(Reckler, William) (Entered: 01/28/2022) |
| 01/28/2022 | 188 | DECLARATION of Colin B. Weir [Newly proposed redactions pursuant to ECF No. 173 — formerly filed under seal at ECF No. 121] in Support re: 117 MOTION to Certify Class .. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 189 | DECLARATION of Colin B. Weir [Newly proposed redactions pursuant to ECF No. 173 — formerly filed under seal at ECF No. 159] in Opposition re: 135 MOTION to Strike Document No. [120, 121] / *Peloton Interactive, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Experts*.. Document filed by Eric Fishon, Alicia Pearlman..(Whiting, Benjamin) (Entered: 01/28/2022) |
| 01/28/2022 | 190 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts [Formerly |

|  |  |  |
|---|---|---|
|  |  | filed under seal at ECF Nos. 141, 143] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 3 − Class Chart, # 2 Exhibit 6 − 2019 Peloton Presentation, # 3 Exhibit 12 − Deposition Transcript, # 4 Exhibit 14 − Marketing Spend, # 5 Exhibit 15 − Appx of Alleged Misstatements, # 6 Exhibit 28 − 2020 Peloton Presentation, # 7 Exhibit 29 − May 24 2019 Email, # 8 Exhibit 31 − Apr 25 2019 Email, # 9 Exhibit 33 − Fishon Customer Support, # 10 Exhibit 37 − Internship Application, # 11 Exhibit 40 − 2019 Peloton Presentation, # 12 Exhibit 42 − Aug 20 2021 Email, # 13 Exhibit 43 − Sept 14 2021 Email, # 14 Exhibit 44 − Jan 8 2021 Email, # 15 Exhibit 46 − Fishon Member Profile, # 16 Exhibit 47 − Fishon Order History, # 17 Exhibit 48 − Fishon Subscription History, # 18 Exhibit 49 − Pearlman Member Profile, # 19 Exhibit 50 − Pearlman Order History, # 20 Exhibit 51 − Pearlman Subscription History)Motion or Order to File Under Seal: 173 .(Feldman, Steven) (Entered: 01/28/2022) |
| 01/28/2022 | 191 | ***SELECTED PARTIES***DECLARATION of Rebecca Kirk Fair [Formerly filed under seal at ECF No. 134] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Eric Fishon, Alicia Pearlman. Motion or Order to File Under Seal: 173 .(Reckler, William) (Entered: 01/28/2022) |
| 01/28/2022 | 192 | DECLARATION of Alex J. Dravillas in Support re: 173 JOINT LETTER MOTION to Seal −−*Renewed Letter Motion to Seal Pursuant to the Court's Order at ECF No. 169* addressed to Judge Lewis J. Liman from Steven N. Feldman dated January 28, 2022.. Document filed by Eric Fishon, Alicia Pearlman. (Attachments: # 1 Exhibit 1 − Proposed Redactions to Former ECF No. 126−2, # 2 Exhibit 2 − Proposed Redactions to Former ECF No. 126−14, # 3 Exhibit 3 − Proposed Redactions to Former ECF No. 126−15, # 4 Exhibit 4 − Proposed Redactions to Former ECF No. 126−16, # 5 Exhibit 5 − Proposed Redactions to Former ECF No. 126−17, # 6 Exhibit 6 − Proposed Redactions to Former ECF No. 126−18, # 7 Exhibit 7 − Proposed Redactions to Former ECF No. 126−23, # 8 Exhibit 8 − Proposed Redactions to Former ECF No. 126−25, # 9 Exhibit 9 − Proposed Redactions to Former ECF No. 126−29, # 10 Exhibit 10 − Proposed Redactions to Former ECF No. 153−1, # 11 Exhibit 11 − Proposed Redactions to Former ECF No. 153−2, # 12 Exhibit 12 − Proposed Redactions to Former ECF No. 153−3, # 13 Exhibit 13 − Proposed Redactions to Former ECF No. 153−6, # 14 Exhibit 14 − Proposed Redactions to Former ECF No. 157−3, # 15 Exhibit 15 − Proposed Redactions to Former ECF No. 157−4).(Whiting, Benjamin) (Entered: 01/28/2022) |
| 02/01/2022 | 193 | ORDER granting in part and denying in part 173 Letter Motion to Seal. The motion is GRANTED with one exception: Eric Fishon's name appearing at Defendant's Exhibit 29 (filed originally at Dkt. No. 142−1) shall be unredacted. All other requested redactions and requests to file under seal are approved. SO ORDERED. (Signed by Judge Lewis J. Liman on 2/1/2022) (vfr) (Entered: 02/01/2022) |
| 02/01/2022 | 194 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts [Revised Redactions to Exhibit 29 pursuant to Order ECF No. 193] in Opposition re: 117 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − May 24, 2019 Email).(Feldman, Steven) (Entered: 02/01/2022) |
| 02/18/2022 | 195 | THIRD AMENDED COMPLAINT amending 106 Amended Complaint, against Peloton Interactive, Inc. with JURY DEMAND.Document filed by Eric Passman, Ishmael Alvarado. Related document: 106 Amended Complaint,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Whiting, Benjamin) (Entered: 02/18/2022) |
| 03/04/2022 | 196 | MOTION to Dismiss *the Third Amended Complaint*. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 03/04/2022) |
| 03/04/2022 | 197 | MEMORANDUM OF LAW in Support re: 196 MOTION to Dismiss *the Third Amended Complaint*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 03/04/2022) |
| 03/04/2022 | 198 | DECLARATION of Megan A. Behrman in Support re: 196 MOTION to Dismiss *the Third Amended Complaint*.. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − Deposition of Ishmael Alvarado, # 2 Exhibit 2 − Deposition of Eric Passman).(Feldman, Steven) (Entered: 03/04/2022) |

| 03/17/2022 | 199 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 3/17/2022. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit A).(Whiting, Benjamin) (Entered: 03/17/2022) |
|---|---|---|
| 03/18/2022 | 200 | ORDER granting 199 Letter Motion for Extension of Time to File Response/Reply re 199 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 3/17/2022. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 03/18/2022) |
| 03/25/2022 | 201 | RESPONSE in Opposition to Motion re: 196 MOTION to Dismiss *the Third Amended Complaint*. . Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1 − Declaration of Eric Passman, # 2 Exhibit 2 − Declaration of Ishmael Alvarado, # 3 Exhibit 3 − Declaration of J. Michael Dennis, # 4 Exhibit 4 − Declaration of Colin B. Weir, # 5 Exhibit 5 − Declaration of Alex J. Dravillas).(Whiting, Benjamin) (Entered: 03/25/2022) |
| 04/06/2022 | 202 | REPLY MEMORANDUM OF LAW in Support re: 196 MOTION to Dismiss *the Third Amended Complaint*. . Document filed by Peloton Interactive, Inc...(Behrman, Megan) (Entered: 04/06/2022) |
| 05/03/2022 | 203 | JOINT LETTER MOTION for Conference addressed to Judge Lewis J. Liman from Benjamin J. Whiting and William O. Reckler dated 5/3/2022. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 05/03/2022) |
| 05/04/2022 | 204 | ORDER granting 203 Letter Motion for Conference addressed to Judge Lewis J. Liman from Benjamin J. Whiting and William O. Reckler dated 5/3/2022. The request is GRANTED. A telephonic Case Management Conference is scheduled for May 9, 2022 at 2:00 p.m. The parties should dial into the Court's teleconference line at 888−251−2909, Access Code 2123101#. SO ORDERED. Telephone Conference set for 5/9/2022 at 2:00 PM before Judge Lewis J. Liman. (Signed by Judge Lewis J. Liman on 5/4/2022) (vfr) (Entered: 05/04/2022) |
| 05/09/2022 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephonic Case Management Conference held on 5/9/2022. Benjamin Whiting present by telephone for Plaintiffs. William Reckler and Megan Behrman present by telephone for Defendant. Court reporter present by telephone. The Court stayed the motion for class certification and discovery pending decision on the motion to dismiss. (mf) (Entered: 05/09/2022) |
| 05/17/2022 | 205 | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/9/2022 before Judge Lewis J. Liman. Court Reporter/Transcriber: Martha Martin, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/7/2022. Redacted Transcript Deadline set for 6/17/2022. Release of Transcript Restriction set for 8/15/2022..(Moya, Goretti) (Entered: 05/17/2022) |
| 05/17/2022 | 206 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/9/22 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 05/17/2022) |
| 08/11/2022 | 207 | **Vacated as per Judge's Opinion & Order dated 5/2/2025, Doc. #345** OPINION AND ORDER re: 196 MOTION to Dismiss *the Third Amended Complaint*. filed by Peloton Interactive, Inc. For the foregoing reasons, Peloton's motion to dismiss is DENIED except as otherwise set forth in this Opinion. The Clerk of Court is respectfully directed to close Dkt. No. 196. SO ORDERED. (Signed by Judge Lewis J. Liman on 8/11/2022) (vfr) Modified on 5/2/2025 (sgz). (Entered: 08/11/2022) |
| 08/11/2022 | 208 | ORDER: Briefing and discovery related to class certification has been stayed pending the Court's disposition of Peloton's motion to dismiss the Third Amended Complaint. See Dkt. No. 205 at 10−11. By Opinion and Order dated August 11, 2022, the Court denied Peloton's motion except as otherwise stated in that Opinion. Dkt. No. 207. It is |

| | | |
|---|---|---|
| | | hereby ORDERED that, by August 19, 2022, the parties shall meet and confer and submit to the Court a joint briefing schedule for the motion for class certification. It is further ORDERED that any stay of discovery previously entered in this case is lifted. SO ORDERED. (Signed by Judge Lewis J. Liman on 8/11/2022) (vfr) (Entered: 08/11/2022) |
| 08/19/2022 | 209 | NOTICE OF APPEARANCE by Aaron M. Zigler on behalf of Ishmael Alvarado, Eric Passman..(Zigler, Aaron) (Entered: 08/19/2022) |
| 08/19/2022 | 210 | JOINT LETTER addressed to Judge Lewis J. Liman from William O. Reckler and Benjamin J. Whiting dated August 19, 2022 re: Briefing Schedules re: Class Certification. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 08/19/2022) |
| 08/19/2022 | 211 | JOINT LETTER addressed to Judge Lewis J. Liman from William O. Reckler and Benjamin J. Whiting dated August 19, 2022 re: Briefing Schedules re: Class Certification [CORRECTED]. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 08/19/2022) |
| 08/22/2022 | 212 | ORDER: Such discovery shall be completed by October 3, 2022. No other discovery related to the class certification motion is permitted. Under the Court's Case Management orders, discovery in this case was bifurcated, and Plaintiffs have confirmed−and Defendant does not contest− that the deadline for discovery related to class certification has passed. Dkt. Nos. 68; 94; 205 at 4−5. Although the Court stated at the May 9, 2022 hearing that it might say things in denying the motion to dismiss "that would usefully inform discovery on both sides," Dkt. No. 205 at 11, the context of that statement was that the decision on the motion to dismiss might affect discovery of the named plaintiffs. The Court did not indicate that it would permit the reopening generally of class discovery. It also is ORDERED that the schedule for briefing the motion for class certification and related motions shall be as follows: Plaintiffs' motion for class certification and Plaintiffs' expert reports shall be filed by October 17, 2022. Discovery of Plaintiffs' experts shall be concluded by October 31, 2022. Defendant's opposition to class certification and Defendant's expert reports, as well as any motions to exclude Plaintiffs' experts, shall be filed by November 14, 2022. Plaintiffs' discovery of Defendant's experts shall be concluded by November 30, 2022. Plaintiffs' reply in support of the motion for class certification and any opposition toDefendant's motion to exclude Plaintiffs' experts shall also be filed by November 30, 022. Plaintiffs' motions, if any, to exclude Defendant's experts shall be filed by December 12, 2022. Defendant's opposition to Plaintiffs' motion to exclude Defendant's experts, if any, and any reply in support of its motion to exclude Plaintiffs' experts shall be filed by December 23, 2022. Plaintiffs' reply in support of any motion to exclude Defendant's experts shall be filed by January 6, 2022. SO ORDERED. ( Discovery due by 10/3/2022., Expert Discovery due by 11/30/2022., Motions due by 12/12/2022., Responses due by 12/23/2022, Replies due by 12/23/2022.) (Signed by Judge Lewis J. Liman on 8/22/2022) (tg) (Entered: 08/22/2022) |
| 08/25/2022 | 213 | MOTION for Alex J. Dravillas to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26596849. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Affidavit of Alex J. Dravillas, # 2 Exhibit A − Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order).(Dravillas, Alex) (Entered: 08/25/2022) |
| 08/26/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 213 MOTION for Alex J. Dravillas to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26596849. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 08/26/2022) |
| 08/29/2022 | 214 | ORDER granting 213 Motion for Alex J. Dravillas to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (LCkl) Transmission to Attorney Services/Help Desk. (Entered: 08/29/2022) |
| 09/15/2022 | 215 | ANSWER to 195 Amended Complaint, with JURY DEMAND. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 09/15/2022) |

| | | |
|---|---|---|
| 09/23/2022 | 216 | LETTER MOTION for Discovery *Order Pursuant to FRCP 26(c) for Ishmael Alvarado* addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 09/23/2022. Document filed by Ishmael Alvarado. (Attachments: # 1 Exhibit 1).(Whiting, Benjamin) (Entered: 09/23/2022) |
| 09/24/2022 | 217 | JOINT LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Benjamin J. Whiting and Steven N. Feldman dated 9/24/2022. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Text of Proposed Order Stipulation to Extend Time).(Whiting, Benjamin) (Entered: 09/24/2022) |
| 09/25/2022 | 218 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from William O. Reckler dated September 25, 2022 re: 216 LETTER MOTION for Discovery *Order Pursuant to FRCP 26(c) for Ishmael Alvarado* addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 09/23/2022. . Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − Alvarado Unverified Interrogatory Responses, # 2 Exhibit 2 − Alvarado Responses and Objections to Peloton's Requests for Production, # 3 Exhibit 3 − Affirmation in People v. Alvarado, # 4 Exhibit 4 − 2018 Psychosexual Assessment of Alvarado).(Reckler, William) (Entered: 09/25/2022) |
| 09/26/2022 | 219 | NOTICE OF APPEARANCE by Charles Francis Dender on behalf of Ishmael Alvarado..(Dender, Charles) (Entered: 09/26/2022) |
| 09/29/2022 | 220 | MEMORANDUM & ORDER granting in part and denying in part 216 Letter Motion for Discovery. Plaintiffs move, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order limiting the inquiry of Defendant Peloton Interactive, Inc. ("Peloton"), by way of written discovery or deposition testimony, into any crimes committed by Plaintiff Ishmael Alvarado for which more than ten years have passed since his conviction or release from confinement. Dkt. No. 216. Plaintiffs have agreed to provide the criminal history pursuant to a protective order. Id. Plaintiffs object also to any inquiry into Mr. Alvarado's financial history that is unbounded by time. Id. The motion is granted in part and denied in part. (As further set forth herein.) Accordingly, to the extent Plaintiffs seek a protective order in connection with the requests or interrogatories going to Mr. Alvarado's financial history, the motion is denied. The Clerk of Court is respectfully directed to close Dkt. No. 216. SO ORDERED. (Signed by Judge Lewis J. Liman on 9/29/2022) (va) (Entered: 09/29/2022) |
| 10/04/2022 | 221 | LETTER MOTION to Seal *and for protective order* addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 10/04/2022. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit A − Proposed Supplemental Protective Order).(Whiting, Benjamin) (Entered: 10/04/2022) |
| 10/12/2022 | 222 | MEMORANDUM & ORDER: denying 221 Letter Motion to Seal. Accordingly, Plaintiffs' motion to redact references to Mr. Alvarado's criminal history, convictions, and criminal proceedings on pages 1−3 of Peloton's Letter Response to Plaintiffs' First Motion and to place Exhibit 3 and Exhibit 4 to Peloton's Letter Response under seal is denied. The Court's September 29, 2022 Memorandum & Order only required that Plaintiffs disclose the relevant information subject to a protective order. Dkt. No. 220 at 3. Plaintiffs move to enter the proposed supplemental protective order. See Dkt. No. 221 at 3, Ex. A. Plaintiffs' motion is granted, and the Court will enter the supplemental protective order.The Clerk of Court is respectfully directed to close Dkt. No. 221. And as set forth herein. SO ORDERED. (Signed by Judge Lewis J. Liman on 10/12/2022) (ama) (Entered: 10/12/2022) |
| 10/12/2022 | 223 | SUPPLEMENTAL PROTECTIVE ORDER:...regarding procedures to be followed that shall govern the handling of confidential material. All persons subject to this Supplemental Protective Order acknowledge that willful violation of this Supplemental Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to thisSupplemental Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. And as set forth herein. SO ORDERED. (Signed by Judge Lewis J. Liman on 10/12/2022) (ama) (Entered: 10/12/2022) |
| 10/17/2022 | 224 | LETTER MOTION to Compel Plaintiffs Ishmael Alvarado and Eric Passman to *complete discovery* addressed to Judge Lewis J. Liman from William O. Reckler dated October 17, 2022. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − September 22, 2022 Alvarado Responses to ROGs, # 2 Exhibit 2 − |

| | | |
|---|---|---|
| | | September 22, 2022 Alvarado Responses to RFPs, # 3 Exhibit 3 − September 26, 2022 Alvarado Responses and Objections to RFAs, # 4 Exhibit 4 − September 26, 2022 Alvarado Responses to ROGs, # 5 Exhibit 5 − October 5, 2022 Letter Regarding I. Alvarado Discovery, # 6 Exhibit 6 − October 10, 2022 Email from A. Dravillas to A. Kellert Godfrey, # 7 Exhibit 7 − October 12, 2022 Email from M. Behrman to A. Aron, # 8 Exhibit 8 − October 14, 2022 Email from A. Dravillas to A. Kellert Godfrey, # 9 Exhibit 9 − October 15, 2022 Email from M. Behrman to A. Dravillas).(Reckler, William) (Entered: 10/17/2022) |
| 10/17/2022 | 225 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 10/17/2022. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 226 | MOTION to Certify Class . Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 227 | DECLARATION of Dr. J. Michael Dennis in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 228 | ***SELECTED PARTIES***DECLARATION of Colin B. Weir in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 225 .(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 229 | DECLARATION of Colin B. Weir in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 230 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 226 MOTION to Certify Class . . Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 225 .(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 231 | MEMORANDUM OF LAW in Support re: 226 MOTION to Certify Class . . Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 232 | ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6 Part 1, # 7 Exhibit 6 Part 2, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43)Motion or Order to File Under Seal: 225 .(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/17/2022 | 233 | DECLARATION of Alex J. Dravillas in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6 Part 1, # 7 Exhibit 6 Part 2, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43).(Whiting, Benjamin) (Entered: 10/17/2022) |
| 10/19/2022 | 234 | LETTER addressed to Judge Lewis J. Liman from Adam J. Levitt dated 10/19/2022 re: Plaintiffs' Opposition to Peloton's Motion to Compel, Dkt. 224. Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 10/19/2022) |

| | | |
|---|---|---|
| 10/20/2022 | 235 | ORDER terminating 224 Letter Motion to Compel. Taking the motion to compel at Dkt. No. 224 as a motion to clarify the Court's Order of September 29, 2022, the Court clarifies that it intended to direct Plaintiff Alvarado to answer all written discovery requests, including interrogatories and requests for admission, without any date limitation (including but not limited to written discovery directed to Mr. Alvarado's criminal history). The parties appear to dispute whether Plaintiffs are in compliance with their remaining discovery obligations. The Court will hold a telephonic status conference on October 27, 2022 at 10:00 a.m. The parties are directed to dial into the Court's teleconference line at 888−251−2909 and use access code 2123101. In advance of that conference, the parties are directed to meet and confer to resolve any remaining discovery issues. By no later than 48 hours in advance of that conference (i.e., October 25, 2022 at 10:00 a.m.), the parties are directed to submit a joint letter identifying any discovery issues they have been unable to resolve. Each dispute should be identified with a short title followed by a brief description of no more than two sentences from each party of the nature of the dispute and the position of that party. The Court will entertain a request to cancel the conference if the parties are able to reach agreement on all remaining discovery issues. The Clerk of Court is respectfully directed to close Dkt. No. 224. SO ORDERED. (Signed by Judge Lewis J. Liman on 10/20/2022) (va) (Entered: 10/20/2022) |
| 10/20/2022 | | Set/Reset Hearings: Telephone Conference set for 10/27/2022 at 10:00 AM before Judge Lewis J. Liman. (va) (Entered: 10/20/2022) |
| 10/25/2022 | 236 | JOINT LETTER addressed to Judge Lewis J. Liman from William O. Reckler dated October 25, 2022 re: discovery positions. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 10/25/2022) |
| 10/27/2022 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 10/27/2022. Benjamin Whiting, Alex Dravillas, Chuck Dender, Adam Prom, and Aaron Zigler present by telephone for Plaintiffs. William Reckler and Megan Behrman present by telephone for Defendant. Court reporter present by telephone. Parties directed to order a copy of the transcript of the conference. (mf) (Entered: 10/31/2022) |
| 10/31/2022 | | ORDER: The Court held a telephone conference in this matter on October 27, 2022 to address the parties discovery dispute. The Court ruled on each item as outlined in the joint letter filed at Dkt. No. 236. By November 1, 2022, Plaintiffs is to complete its production of documents as discussed on the record. It is further ordered that Mr. Passman's document production be completed by November 4, and by the same date, any updates to interrogatories and requests for admission are to be made. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 10/31/2022) |
| 11/14/2022 | 237 | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/27/2022 before Judge Lewis J. Liman. Court Reporter/Transcriber: Kristen Carannante, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/5/2022. Redacted Transcript Deadline set for 12/15/2022. Release of Transcript Restriction set for 2/12/2023..(McGuirk, Kelly) (Entered: 11/14/2022) |
| 11/14/2022 | 238 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 10/27/2022 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 11/14/2022) |
| 11/14/2022 | 239 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from William O. Reckler dated November 14, 2022. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | 240 | MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/14/2022) |

| | | |
|---|---|---|
| 11/14/2022 | <u>241</u> | DECLARATION of Joel H. Steckel, Ph.D. in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | <u>242</u> | DECLARATION of Bruce A. Strombom, Ph.D. in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | <u>243</u> | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 1) [Redacted] / in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # <u>1</u> Exhibit 1 − Hearing Tr, # <u>2</u> Exhibit 2 − 2022 Form 10−K, # <u>3</u> Exhibit 3 − App Webpage, # <u>4</u> Exhibit 4 − Alvarado Tr I, # <u>5</u> Exhibit 5 − 2019 Form S−1, # <u>6</u> Exhibit 6 − Offer Webpage, # <u>7</u> Exhibit 7 − Fishon Membership, # <u>8</u> Exhibit 8 − Alvarado Membership, # <u>9</u> Exhibit 9 − Sales Spreadsheet, # <u>10</u> Exhibit 10 − Dillon−Curran Tr).(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | <u>244</u> | ***SELECTED PARTIES***DECLARATION of Bruce A. Strombom, Ph.D. in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. Motion or Order to File Under Seal: <u>239</u> .(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | <u>245</u> | DECLARATION of Rebecca Kirk Fair in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # <u>1</u> Exhibit − Supporting Materials).(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | <u>246</u> | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 2) [Redacted] / in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # <u>1</u> Exhibit 11 − Email, # <u>2</u> Exhibit 12 − Email, # <u>3</u> Exhibit 13 − Challenged Statements, # <u>4</u> Exhibit 14 − Sample Ads, # <u>5</u> Exhibit 14a − Sample Ads, # <u>6</u> Exhibit 14b − Sample Ads, # <u>7</u> Exhibit 14c − Sample Ads, # <u>8</u> Exhibit 15 − Aronow Declaration, # <u>9</u> Exhibit 16 − Media Spend, # <u>10</u> Exhibit 17 − Tisch−Blodgett Tr).(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | <u>247</u> | ***SELECTED PARTIES***DECLARATION of Rebecca Kirk Fair in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # <u>1</u> Exhibit − Supporting Materials)Motion or Order to File Under Seal: <u>239</u> .(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | <u>248</u> | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 3) [Redacted] / in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # <u>1</u> Exhibit 18 − Stanton Tr, # <u>2</u> Exhibit 19 − Schneider Tr, # <u>3</u> Exhibit 20 − McMahon Tr, # <u>4</u> Exhibit 21 − Passman Tr, # <u>5</u> Exhibit 22 − NMPA Letter, # <u>6</u> Exhibit 23 − Terms of Service, # <u>7</u> Exhibit 24 − Email, # <u>8</u> Exhibit 25 − Olson Tr, # <u>9</u> Exhibit 26 − Member Survey, # <u>10</u> Exhibit 27 − Library Chart).(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | <u>249</u> | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 4) [Redacted] / in Opposition re: <u>226</u> MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # <u>1</u> Exhibit 28 − Compensation Page, # <u>2</u> Exhibit 29 − Alvarado Tr II, # <u>3</u> Exhibit 30 − Complaint, # <u>4</u> Exhibit 31 − Alvarado Response, # <u>5</u> Exhibit 32 − Settlement Letter, # <u>6</u> Exhibit 33 − Order of Discontinuance, # <u>7</u> Exhibit 34 − Alvarado Response, # <u>8</u> Exhibit 35 − Alvarado Response, # <u>9</u> Exhibit 36 − Alvarado Supp. Response, # <u>10</u> Exhibit 37 − Venmo Receipt).(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | <u>250</u> | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in |

| | | |
|---|---|---|
| | | Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 1) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1 − Hearing Tr, # 2 Exhibit 2 − 2022 Form 10−K, # 3 Exhibit 3 − App Webpage, # 4 Exhibit 4 − Alvarado Tr I, # 5 Exhibit 5 −2019 Form S−1, # 6 Exhibit 6 − Offer Webpage, # 7 Exhibit 7 − Fishon Membership, # 8 Exhibit 8 − Alvarado Membership, # 9 Exhibit 9 − Sales Spreadsheet, # 10 Exhibit 10 − Dillon−Curran Tr)Motion or Order to File Under Seal: 239 .(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | 251 | MEMORANDUM OF LAW in Opposition re: 226 MOTION to Certify Class . . Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | 252 | MEMORANDUM OF LAW in Support re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | 253 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 2) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 11 − Email, # 2 Exhibit 12 − Email, # 3 Exhibit 13 − Challenged Statements, # 4 Exhibit 14 − Sample Ads, # 5 Exhibit 14a − Sample Ads, # 6 Exhibit 14b − Sample Ads, # 7 Exhibit 14c − Sample Ads, # 8 Exhibit 15 − Aronow Declaration, # 9 Exhibit 16 − Media Spend, # 10 Exhibit 17 − Tisch−Blodgett Tr)Motion or Order to File Under Seal: 239 .(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | 254 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 5) [Redacted] in Support re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 38 − Alvarado Declaration, # 2 Exhibit 39 − Gaffney Affirmation, # 3 Exhibit 40 − Esswein Affirmation, # 4 Exhibit 41 − Motion in Limine, # 5 Exhibit 42 − Alvarado Assessment, # 6 Exhibit 43 − Passman Response, # 7 Exhibit 44 − On−Demand Classes, # 8 Exhibit 45 − Fishon Tr, # 9 Exhibit 46 − Fishon Response, # 10 Exhibit 47 − Magno Tr, # 11 Exhibit 48 − Sullivan Tr, # 12 Exhibit 49 − Checkout Page, # 13 Exhibit 50 − Dennis Tr, # 14 Exhibit 51 − Weir Tr, # 15 Exhibit 52 − Email, # 16 Exhibit 53 − Email, # 17 Exhibit 54 − Email, # 18 Exhibit 55 − McMorrow Report, # 19 Exhibit 56 − Buckeye Report, # 20 Exhibit 57 − Maeda Report, # 21 Exhibit 58 − Sharpe Report, # 22 Exhibit 59 − Broomfield Report, # 23 Exhibit 60 − Fitzhenry Report, # 24 Exhibit 61 − De Lacour Report, # 25 Exhibit 62 − Bowling Report, # 26 Exhibit 63 − Gregorio Tr, # 27 Exhibit 64 − Cabrera Report, # 28 Exhibit 65 − Vizcarra Report, # 29 Exhibit 66 − Hall Report, # 30 Exhibit 67 − Willis Report, # 31 Exhibit 68 − Fisher−Price Report, # 32 Exhibit 69 − Dzielak Tr).(Feldman, Steven) (Entered: 11/14/2022) |
| 11/14/2022 | 255 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 3) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 18 − Stanton Tr, # 2 Exhibit 19 − Schneider Tr, # 3 Exhibit 20 − McMahon Tr, # 4 Exhibit 21 − Passman Tr, # 5 Exhibit 22 − NMPA Letter, # 6 Exhibit 23 − Terms of Service, # 7 Exhibit 24 − Email, # 8 Exhibit 25 − Olson Tr, # 9 Exhibit 26 − Member Survey, # 10 Exhibit 27 − Library Chart)Motion or Order to File Under Seal: 239 .(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | 256 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 4) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 28 − Compensation Page, # 2 Exhibit 29 − Alvarado Tr II, # 3 Exhibit 30 − Complaint, # 4 Exhibit 31 − Alvarado Response, # 5 Exhibit 32 − Settlement Letter, # 6 Exhibit 33 − Order of Discontinuance, # 7 Errata 34 − Alvarado Response, # 8 |

| | | |
|---|---|---|
| | | Exhibit 35 − Alvarado Response, # 9 Exhibit 36 − Alvarado Supp. Response, # 10 Exhibit 37 − Venmo Receipt)Motion or Order to File Under Seal: 239 .(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | 257 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 5) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 38 − Alvarado Declaration, # 2 Exhibit 39 − Gaffney Affirmation, # 3 Exhibit 40 − Esswein Affirmation, # 4 Exhibit 41 − Motion in Limine, # 5 Exhibit 42 − Alvarado Assessment, # 6 Exhibit 43 − Passman Response, # 7 Exhibit 44 − On−Demand Classes, # 8 Exhibit 45 − Fishon Tr, # 9 Exhibit 46 − Fishon Response, # 10 Exhibit 47 − Magno Tr, # 11 Exhibit 48 − Sullivan Tr)Motion or Order to File Under Seal: 239 .(Reckler, William) (Entered: 11/14/2022) |
| 11/14/2022 | 258 | ***SELECTED PARTIES***DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 6) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 49 − Checkout Page, # 2 Exhibit 50 − Dennis Tr, # 3 Exhibit 51 − Weir Tr, # 4 Exhibit 52 − Email, # 5 Exhibit 53 − Email, # 6 Exhibit 54 − Email, # 7 Exhibit 55 − McMorrow Report, # 8 Exhibit 56 − Buckeye Report, # 9 Exhibit 57 − Maeda Report, # 10 Exhibit 58 − Sharpe Report, # 11 Exhibit 59 − Broomfield Report)Motion or Order to File Under Seal: 239 .(Behrman, Megan) (Entered: 11/14/2022) |
| 11/14/2022 | 259 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in Support of Peloton's Motion to Exclude the Reports and Testimony of Plaintiffs' Experts (Volume 7) / in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 60 − Fitzhenry Report, # 2 Exhibit 61 − De Lacour Report, # 3 Exhibit 62 − Bowling Report, # 4 Exhibit 63 − Gregorio Tr, # 5 Exhibit 64 − Cabrera Report, # 6 Exhibit 65 − Vizcarra Report, # 7 Exhibit 66 − Hall Report, # 8 Exhibit 67 − Willis Report, # 9 Exhibit 68 − Fisher−Price Report, # 10 Exhibit 69 − Dzielak Tr).(Reckler, William) (Entered: 11/14/2022) |
| 11/28/2022 | 260 | JOINT LETTER addressed to Judge Lewis J. Liman from Benjamin J. Whiting and Steven N. Feldman dated 11/28/2022 re: Requesting Entry of Stipulation to Extend Time. Document filed by Eric Passman. (Attachments: # 1 Exhibit Stipulation to Extend Time).(Whiting, Benjamin) (Entered: 11/28/2022) |
| 11/29/2022 | 261 | STIPULATION TO EXTEND TIME: NOW THEREFORE, the parties through their respective counsel and subject to the Court's approval hereby stipulate that: 1. The deadline for the completion of Plaintiff Eric Passman's deposition is hereby extended to December 5, 2022. 2. Defendant will be allowed a supplemental brief in opposition to Plaintiffs' motion for class certification of no more than 5 pages that addresses Mr. Passman's adequacy as a class representative and any other matters implicated by his deposition testimony (or failure to appear for a deposition), to be filed no later than December 16, 2022. 3. Plaintiffs will be allowed a supplemental brief of no more than 5 pages responding to Defendant's supplemental brief, to be filed no later than December 27, 2022. 4. Nothing herein shall prejudice any arguments that the Parties may make with respect to Mr. Passman's adequacy or inadequacy to serve as a class representative. 5. All other deadlines shall be unaffected. IT IS SO STIPULATED. Motions terminated: 217 JOINT LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Benjamin J. Whiting and Steven N. Feldman dated 9/24/2022. filed by Eric Passman, Ishmael Alvarado. ( Deposition due by 12/5/2022., Responses due by 12/16/2022, Replies due by 12/27/2022.) (Signed by Judge Lewis J. Liman on 11/29/2022) (tg) (Entered: 11/29/2022) |
| 11/30/2022 | 262 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 11/30/2022. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 263 | REPLY MEMORANDUM OF LAW in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: |

| | | 11/30/2022) |
|---|---|---|
| 11/30/2022 | 264 | AFFIDAVIT of Alex J. Dravillas in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1 − Passman Transcript, # 2 Exhibit 2 − Declaration of I. Alvarado, # 3 Exhibit 3 − Dennis Transcript, # 4 Exhibit 4 − Alvarado Transcript).(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 265 | REPLY AFFIDAVIT of Charles F. Dender in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 266 | REPLY AFFIDAVIT of Benjamin J. Whiting in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 267 | ***SELECTED PARTIES*** RESPONSE in Opposition to Motion re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*. . Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 262 .(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 268 | RESPONSE in Opposition to Motion re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*. . Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 269 | ***SELECTED PARTIES***DECLARATION of Alex J. Dravillas in Opposition re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*.. Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)Motion or Order to File Under Seal: 262 .(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 270 | AFFIDAVIT of Alex J. Dravillas in Opposition re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*.. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5).(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 271 | REPLY AFFIDAVIT of Dr. J. Michael Dennis in Opposition re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*.. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 272 | ***SELECTED PARTIES***REPLY AFFIDAVIT of Colin B. Weir in Opposition re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*.. Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 262 .(Whiting, Benjamin) (Entered: 11/30/2022) |
| 11/30/2022 | 273 | REPLY AFFIDAVIT of Colin B. Weir in Opposition re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*.. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 11/30/2022) |
| 12/16/2022 | 274 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 226 MOTION to Certify Class . −−*Peloton Interactive, Inc.'s Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification*. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 12/16/2022) |
| 12/16/2022 | 275 | DECLARATION of Megan A. Behrman in Support of Peloton Interactive, Inc.'s Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification // in Opposition re: 226 MOTION to Certify Class .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 70 − Passman Tr II, # 2 Exhibit 71 − Email, # 3 Exhibit 72 − Email, # 4 Exhibit 73 − Email, # 5 Exhibit 74 − Email, # 6 Exhibit 75 − Email, # 7 Exhibit 76 − Passman Video).(Reckler, William) (Entered: 12/16/2022) |

| | | |
|---|---|---|
| 12/22/2022 | 276 | REPLY MEMORANDUM OF LAW in Support re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 12/22/2022) |
| 12/27/2022 | 277 | RESPONSE in Support of Motion re: 226 MOTION to Certify Class . . Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 12/27/2022) |
| 12/27/2022 | 278 | DECLARATION of Benjamin J. Whiting in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1 − Eric Passman Declaration dated 10/29/2021, # 2 Exhibit 2 − Eric Passman Declaration dated 3/25/2022, # 3 Exhibit 3 − Eric Passman Declaration dated 10/17/2022, # 4 Exhibit 4 − Eric Passman Declaration dated 11/15/2022).(Whiting, Benjamin) (Entered: 12/27/2022) |
| 12/27/2022 | 279 | DECLARATION of Alex J. Dravillas in Support re: 226 MOTION to Certify Class .. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1 − Eric Passman Deposition Excerpts).(Dravillas, Alex) (Entered: 12/27/2022) |
| 12/28/2022 | 280 | NOTICE OF CHANGE OF ADDRESS by Farzin Franklin Amanat on behalf of Ishmael Alvarado, Eric Passman. New Address: DiCello Levitt LLC, 485 Lexington Ave., Suite 1001, New York, NY, USA 10017, (646) 933−1000..(Amanat, Farzin) (Entered: 12/28/2022) |
| 01/03/2023 | 281 | ORDER: The Court will hear oral argument from the parties regarding Plaintiffs' pending motion for class certification and Defendant's pending motion to exclude the reports and testimony of Plaintiffs' experts on February 28, 2023 at 2:00 P.M. The hearing will be held in−person in Courtroom 15C, 500 Pearl Street, New York, NY 10007. SO ORDERED., ( Oral Argument set for 2/28/2023 at 02:00 PM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Lewis J. Liman.) (Signed by Judge Lewis J. Liman on 1/03/2023) (ama) (Entered: 01/03/2023) |
| 02/17/2023 | | Oral Argument set for 4/12/2023 at 11:00 AM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Lewis J. Liman. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (st) (Entered: 02/17/2023) |
| 02/17/2023 | | ORDER: As clarification, the oral argument previously set for February 28, 2023 is canceled and the hearing is rescheduled to April 12, 2023 at 11:00 AM in Courtroom 15C at the 500 Pearl Street Courthouse. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 02/17/2023) |
| 04/12/2023 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Oral Argument held on 4/12/2023 re: 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts* filed by Peloton Interactive, Inc., and 226 MOTION to Certify Class filed by Eric Passman, Ishmael Alvarado. Benjamin Whiting, Adam Levitt, Chuck Dender, Adam Prom, and Aaron Zigler present for Plaintiffs. William Reckler, Steven Feldman, Megan Behrman, Cameron Sinsheimer, and David Fischer present for Defendant. Court reporter present. The Court heard oral argument from both parties on the motion for class certification and Daubert motions. Argument taken under advisement, decision reserved by the Court. (mf) (Entered: 04/13/2023) |
| 04/25/2023 | 282 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/12/2023 before Judge Lewis J. Liman. Court Reporter/Transcriber: George Malinowski, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/16/2023. Redacted Transcript Deadline set for 5/26/2023. Release of Transcript Restriction set for 7/24/2023..(McGuirk, Kelly) (Entered: 04/25/2023) |
| 04/25/2023 | 283 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/12/2023 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 04/25/2023) |

| | | |
|---|---|---|
| 05/02/2023 | 284 | OPINION AND ORDER re: 225 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 10/17/2022. filed by Eric Passman, Ishmael Alvarado, 239 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from William O. Reckler dated November 14, 2022. filed by Peloton Interactive, Inc., 240 MOTION to Strike Document No. [227, 228, 229] / *Peloton Interactive, Inc.'s Motion to Exclude the Reports and Testimony of Plaintiffs' Experts.* filed by Peloton Interactive, Inc., 226 MOTION to Certify Class . filed by Eric Passman, Ishmael Alvarado, 262 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Benjamin J. Whiting dated 11/30/2022. filed by Eric Passman, Ishmael Alvarado. Defendant's motion to strike is DENIED and Named Plaintiffs' motion for class certification is DENIED. Because the Court finds that the parties' letter motions to seal are consistent with the Court's prior sealing orders, see Dkt. Nos. 169, 193, 222, the motions to seal are GRANTED. The Clerk of Court is respectfully directed to close Dkt. Nos. 225, 226, 239, 240, 262. SO ORDERED. (Signed by Judge Lewis J. Liman on 5/2/23) (yv) (Entered: 05/02/2023) |
| 05/16/2023 | 285 | JOINT MOTION to Stay *Discovery*. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Text of Proposed Order Proposed Order).(Dender, Charles) (Entered: 05/16/2023) |
| 05/17/2023 | 286 | ORDER GRANTING JOINT MOTION AND STIPULATION STAYING DISCOVERY PENDING RESOLUTION OF PLAINTIFFS' PETITION FOR LEAVE TO APPEAL THE COURTS MAY 2, 2023, ORDER DENYING CLASS CERTIFICATION TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT granting 285 Motion to Stay re: 285 JOINT MOTION to Stay *Discovery*. Pursuant to the Parties May 11, 2023, stipulation: a. all discovery in this matter is stayed pending the United States Court of Appeals for the Second Circuit (the "Second Circuit") ruling on Plaintiffs' petition pursuant Rule 23(f) of the Federal Rules of Civil Procedure seeking leave to appeal this Court's denial of their motion for class certification ("Plaintiffs' 23(f) Petition"). b. the Plaintiffs and Defendant Peloton Interactive, Inc. (together, the "Parties") will meet and confer within seven days of the Second Circuit's resolution of Plaintiffs' Rule 23(f) Petition to determine whether any additional merits discovery (including expert discovery) is needed. c. the Parties will submit a proposal to the Court within fourteen days following the Second Circuits resolution of Plaintiffs' Rule 23(f) Petition. d. all discovery shall be completed within 113 days of the Second Circuit's resolution of Plaintiffs' Rule 23(f) Petition. SO ORDERED. (Signed by Judge Lewis J. Liman on 5/17/23) (yv) (Entered: 05/17/2023) |
| 09/15/2023 | 287 | MANDATE of USCA (Certified Copy) USCA Case Number 23−0809. Petitioners request, pursuant to Federal Rule of Civil Procedure 23(f), leave to appeal the district court's order denying class certification. Upon due consideration, it is hereby ORDERED that the petition is DENIED because an immediate appeal is not warranted. See Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd., 262 F.3d 134, 13940 (2d Cir. 2001).. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 09/15/2023..(nd) (Entered: 09/15/2023) |
| 09/29/2023 | 288 | JOINT LETTER addressed to Judge Lewis J. Liman from William O. Reckler dated September 29, 2023 re: Second Circuit ruling and next steps. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 09/29/2023) |
| 10/02/2023 | 289 | MEMO ENDORSEMENT on re: 288 Letter Second Circuit ruling and next steps filed by Peloton Interactive, Inc. ENDORSEMENT. Granted. SO ORDERED. (Signed by Judge Lewis J. Liman on 10/2/23) (yv) Modified on 10/26/2023 (yv). Modified on 10/26/2023 (yv). (Entered: 10/02/2023) |
| 10/13/2023 | 290 | JOINT LETTER addressed to Judge Lewis J. Liman from Benjamin Whiting dated 10/13/2023 re: Joint Statement pursuant to Court's May 17, 2023 Order [Dkt. 286]. Document filed by Ishmael Alvarado, Eric Passman..(Whiting, Benjamin) (Entered: 10/13/2023) |
| 10/17/2023 | 291 | The Court sets the following pretrial and trial deadlines. Parties are to submit motions for summary judgment by November 13, 2023. Parties are to submit a joint pretrial order, by April 29, 2024. A Final Pretrial Conference is scheduled for May 13, 2024 at 12:00PM in Courtroom 15C at the 500 Pearl Street Courthouse. A Jury Trial is scheduled for May 20, 2024 at 9:00AM in Courtroom 15C at the 500 Pearl Street Courthouse. (Entered: 10/17/2023) |

| 11/08/2023 | 292 | LETTER MOTION for Extension of Time *Regarding Summary Judgment Motion Deadline* addressed to Judge Lewis J. Liman from William O. Reckler dated November 8, 2023. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 11/08/2023) |
|---|---|---|
| 11/09/2023 | 293 | ORDER granting 292 Letter Motion for Extension of Time (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 11/09/2023) |
| 12/04/2023 | 294 | MOTION for Summary Judgment . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 12/04/2023) |
| 12/04/2023 | 295 | MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 12/04/2023) |
| 12/04/2023 | 296 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Steven N. Feldman dated December 4, 2023. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 12/04/2023) |
| 12/04/2023 | 297 | ***SELECTED PARTIES***DECLARATION of Steven N. Feldman in Support re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*., 294 MOTION for Summary Judgment .. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit 1 − 2022 Form 10−K, # 2 Exhibit 2 − Strombom Report 2022, # 3 Exhibit 3 − Dennis Report 2022, # 4 Exhibit 4 − Passman RFAs, # 5 Exhibit 5 − Passman Order Summary, # 6 Exhibit 6 − 2019 Form S−1, # 7 Exhibit 7 − TOS 2016, # 8 Exhibit 8 − TOS 2017, # 9 Exhibit 9 − TOS 2018, # 10 Exhibit 10 − TOS 2019, # 11 Exhibit 11 − Dillon−Curran Transcript, # 12 Exhibit 12 − Appendix of Challenged Statements, # 13 Exhibit 13 − Aronow Declaration, # 14 Exhibit 14 − Kirk Fair Report 2022, # 15 Exhibit 15 − Acquisition Model Media Spend, # 16 Exhibit 16 − Passman Transcript I, # 17 Exhibit 17 − Alvarado Transcript, # 18 Exhibit 18 − Alvarado Supplemental RFAs, # 19 Exhibit 19 − Venmo Receipt, # 20 Exhibit 20 − Alvarado Transcript II, # 21 Exhibit 21 − Class Library Chart, # 22 Exhibit 22 − Stanton Transcript, # 23 Exhibit 23 − Foley Email, # 24 Exhibit 24 − Olson Transcript, # 25 Exhibit 25 − Annual Peloton Member Survey, # 26 Exhibit 26 − Passman Transcript II, # 27 Exhibit 27 − Dennis Transcript, # 28 Exhibit 28 − Steckel Report 2022, # 29 Exhibit 29 − Weir Report 2022, # 30 Exhibit 30 − Dennis Report 2021, # 31 Exhibit 31 − McMahon Transcript, # 32 Exhibit 32 − Schneider Transcript, # 33 Exhibit 33 − Sample Ads, # 34 Exhibit 34 − Weir Transcript, # 35 Exhibit 35 − McMorrow Dennis Report, # 36 Exhibit 36 − Buckeye Dennis Report, # 37 Exhibit 37 − Maeda Dennis Rebuttal, # 38 Exhibit 38 − Sharpe Dennis Report, # 39 Exhibit 39 − Broomfield Dennis Report, # 40 Exhibit 40 − Fitzhenry Dennis Report, # 41 Exhibit 41 − de Lacour Dennis Report, # 42 Exhibit 42 − Bowling Dennis Report, # 43 Exhibit 43 − Gregorio Dennis Transcript, # 44 Exhibit 44 − Cabrera Dennis Report, # 45 Exhibit 45 − Vizcarra Dennis Report, # 46 Exhibit 46 − Hall Dennis Report, # 47 Exhibit 47 − Willis Dennis Reply, # 48 Exhibit 48 − Fisher−Price Dennis Rebuttal, # 49 Exhibit 49 − Dzielak Dennis Transcript, # 50 Exhibit 50 − Peloton Compensation Facebook Page, # 51 Exhibit 51 − Dravillas Declaration, # 52 Exhibit 52 − Peloton Ad., # 53 Exhibit 53 − Peloton Ad., # 54 Exhibit 54 − National Radio Scripts, # 55 Exhibit 55 − Plaintiffs' Exhibit 16, # 56 Exhibit 56 − Plaintiffs' Exhibit 40, # 57 Exhibit 57 − Brenner Dennis Report)Motion or Order to File Under Seal: 296 .(Reckler, William) (Entered: 12/04/2023) |
| 12/04/2023 | 298 | DECLARATION of Steven N. Feldman in Support re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*., 294 MOTION for Summary Judgment .. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit 1 − 2022 Form 10−K, # 2 Exhibit 2 − Strombom Report 2022, # 3 Exhibit 3 − Dennis Report 2022, # 4 Exhibit 4 − Passman RFAs, # 5 Exhibit 5 − Passman Order Summary, # 6 Exhibit 6 − 2019 Form S−1, # 7 Exhibit 7 − TOS 2016, # 8 Exhibit 8 − TOS 2017, # 9 Exhibit 9 − TOS 2018, # 10 Exhibit 10 − TOS 2019, # 11 Exhibit 11 − Dillon−Curran Transcript, # 12 Exhibit 12 − Appendix of Challenged Statements, # 13 Exhibit 13 − Aronow Declaration, # 14 Exhibit 14 − Kirk Fair Report 2022, # 15 Exhibit 15 − Acquisition Model Media Spend, # 16 Exhibit 16 − Passman Transcript I, # 17 Exhibit 17 − Alvarado Transcript I, # 18 Exhibit 18 − Alvarado Supplemental RFAs, # 19 Exhibit 19 − Venmo Receipt, # 20 Exhibit 20 − Alvarado Transcript II, # 21 Exhibit 21 − Class Library Chart, # 22 Exhibit 22 − |

Stanton Transcript, # 23 Exhibit 23 − Foley Email, # 24 Exhibit 24 − Olson Transcript, # 25 Exhibit 25 − Annual Peloton Member Survey, # 26 Exhibit 26 − Passman Transcript II, # 27 Exhibit 27 − Dennis Transcript, # 28 Exhibit 28 − Steckel Report 2022, # 29 Exhibit 29 − Weir Report 2022, # 30 Exhibit 30 − Dennis Report 2021, # 31 Exhibit 31 − McMahon Transcript, # 32 Exhibit 32 − Schneider Transcript, # 33 Exhibit 33 − Sample Ads, # 34 Exhibit 34 − Weir Transcript, # 35 Exhibit 35 − McMorrow Dennis Report, # 36 Exhibit 36 − Buckeye Dennis Report, # 37 Exhibit 37 − Maeda Dennis Rebuttal, # 38 Exhibit 38 − Sharpe Dennis Report, # 39 Exhibit 39 − Broomfield Dennis Report, # 40 Exhibit 40 − Fitzhenry Dennis Report, # 41 Exhibit 41 − de Lacour Dennis Report, # 42 Exhibit 42 − Bowling Dennis Report, # 43 Exhibit 43 − Gregorio Dennis Transcript, # 44 Exhibit 44 − Cabrera Dennis Report, # 45 Exhibit 45 − Vizcarra Dennis Report, # 46 Exhibit 46 − Hall Dennis Report, # 47 Exhibit 47 − Willis Dennis Reply, # 48 Exhibit 48 − Fisher−Price Dennis Rebuttal, # 49 Exhibit 49 − Dzielak Dennis Transcript, # 50 Exhibit 50 − Peloton Compensation Facebook Page, # 51 Exhibit 51 − Dravillas Declaration, # 52 Exhibit 52 − Peloton Ad., # 53 Exhibit 53 − Peloton Ad., # 54 Exhibit 54 − National Radio Scripts, # 55 Exhibit 55 − Plaintiffs' Exhibit 16, # 56 Exhibit 56 − Plaintiffs' Exhibit 40, # 57 Exhibit 57 − Brenner Dennis Report).(Vazova, Lilia) (Entered: 12/04/2023)

| | | |
|---|---|---|
| 12/04/2023 | 299 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Peloton Interactive, Inc., Ishmael Alvarado, Eric Passman. Motion or Order to File Under Seal: 296 .(Feldman, Steven) (Entered: 12/04/2023) |
| 12/04/2023 | 300 | RULE 56.1 STATEMENT. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 12/04/2023) |
| 12/04/2023 | 301 | MEMORANDUM OF LAW in Support re: 294 MOTION for Summary Judgment . . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 12/04/2023) |
| 12/04/2023 | 302 | MEMORANDUM OF LAW in Support re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 12/04/2023) |
| 12/08/2023 | 303 | JOINT LETTER MOTION for Extension of Time to File Response/Reply *to Defendant's Motion for Summary Judgment* addressed to Judge Lewis J. Liman from Charles F. Dender dated Dec. 8, 2023. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Proposed Order Stipulation to Extend Time).(Dender, Charles) (Entered: 12/08/2023) |
| 12/08/2023 | 304 | ORDER granting 303 Letter Motion for Extension of Time to File Response/Reply re 303 JOINT LETTER MOTION for Extension of Time to File Response/Reply *to Defendant's Motion for Summary Judgment* addressed to Judge Lewis J. Liman from Charles F. Dender dated Dec. 8, 2023., 294 MOTION for Summary Judgment . Responses due by 1/12/2024 Replies due by 1/31/2024. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 12/08/2023) |
| 01/12/2024 | 305 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Adam J. Levitt dated January 12, 2024. Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 306 | MEMORANDUM OF LAW in Opposition re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*. . Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 307 | MEMORANDUM OF LAW in Opposition re: 294 MOTION for Summary Judgment . *Redacted*. Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 308 | ***SELECTED PARTIES***DECLARATION of Adam J. Levitt in Opposition re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*., 294 MOTION for Summary Judgment .. Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − July 27, 2021 Dillon−Curran Tr. Excerpts, # 2 Exhibit B − PELFISH0124249, # 3 Exhibit C − July 29, 2021 Olson Tr. Excerpts, # 4 Exhibit D − July 28, 2021 Tisch−Blodgett Tr. Excerpts, # 5 Exhibit E − PELFISH0308549 Part 1, # 6 Exhibit E − PELFISH0308549 Part 2, # 7 Exhibit F − PELFISH0307951, # 8 Exhibit G − PELFISH0119211, # 9 Exhibit H − PELFISH0128455, # 10 Exhibit I − |

| | | |
|---|---|---|
| | | PELFISH0254457, # 11 Exhibit J − PELFISH0254467, # 12 Exhibit K − PELFISH0078438, # 13 Exhibit L − Timeline, # 14 Exhibit M − PELFISH0065726, # 15 Exhibit N − PELFISH0308549 Excerpts, # 16 Exhibit O − August 12, 2021 Stanton Tr. Excerpts, # 17 Exhibit P − September 9, 2021 Greenawalt Tr. Excerpts, # 18 Exhibit Q − August 5, 2021 Passman Tr. Excerpts, # 19 Exhibit R − July 15, 2021 Alvarado Tr. Excerpts, # 20 Exhibit S − PELFISH0002089, # 21 Exhibit T − PELFISH0014870, # 22 Exhibit U − PELFISH0308518, # 23 Exhibit V − PELFISH0308541, # 24 Exhibit W − PELFISH0123259, # 25 Exhibit X − PELFISH0031198, # 26 Exhibit Y − October 8, 2021 Dennis Tr. Excerpts, # 27 Exhibit Z − October 30, 2021 Steckel Tr. Excerpts, # 28 Exhibit AA − October 12, 2021 Weir Tr. Excerpts)Motion or Order to File Under Seal: 305 .(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 309 | DECLARATION of Adam J. Levitt in Opposition re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*., 294 MOTION for Summary Judgment .. Document filed by Ishmael Alvarado, Eric Passman. (Attachments: # 1 Exhibit A − July 27, 2021 Dillon−Curran Tr. Excerpts, # 2 Exhibit B − PELFISH0124249, # 3 Exhibit C − July 29, 2021 Olson Tr. Excerpts, # 4 Exhibit D − July 28, 2021 Tisch−Blodgett Tr. Excerpts, # 5 Exhibit E − PELFISH0308549 Part 1, # 6 Exhibit E − PELFISH0308549 Part 2, # 7 Exhibit F − PELFISH0307951, # 8 Exhibit G − PELFISH0119211, # 9 Exhibit H − PELFISH0128455, # 10 Exhibit I − PELFISH0254457, # 11 Exhibit J − PELFISH0254467, # 12 Exhibit K − PELFISH0078438, # 13 Exhibit L − Timeline, # 14 Exhibit M − PELFISH0065726, # 15 Exhibit N − PELFISH0308549 Excerpts, # 16 Exhibit O − August 12, 2021 Stanton Tr. Excerpts, # 17 Exhibit P − September 9, 2021 Greenawalt Tr. Excerpts, # 18 Exhibit Q − August 5, 2021 Passman Tr. Excerpts, # 19 Exhibit R − July 15, 2021 Alvarado Tr. Excerpts, # 20 Exhibit S − PELFISH0002089, # 21 Exhibit T − PELFISH0014870, # 22 Exhibit U − PELFISH0308518, # 23 Exhibit V − PELFISH0308541, # 24 Exhibit W − PELFISH0123259, # 25 Exhibit X − PELFISH0031198, # 26 Exhibit Y − October 8, 2021 Dennis Tr. Excerpts, # 27 Exhibit Z − October 30, 2021 Steckel Tr. Excerpts, # 28 Exhibit AA − October 12, 2021 Weir Tr. Excerpts).(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 310 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 294 MOTION for Summary Judgment . . Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 305 .(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 311 | COUNTER STATEMENT TO 300 Rule 56.1 Statement. Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 01/12/2024) |
| 01/12/2024 | 312 | ***SELECTED PARTIES***COUNTER STATEMENT TO 300 Rule 56.1 Statement. Document filed by Ishmael Alvarado, Eric Passman, Peloton Interactive, Inc.. Motion or Order to File Under Seal: 305 .(Levitt, Adam) (Entered: 01/12/2024) |
| 01/31/2024 | 313 | REPLY MEMORANDUM OF LAW in Support re: 295 MOTION to Preclude / *Motion to Exclude the Expert Reports and Testimony of Plaintiffs' Experts*. . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/31/2024) |
| 01/31/2024 | 314 | REPLY MEMORANDUM OF LAW in Support re: 294 MOTION for Summary Judgment . . Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 01/31/2024) |
| 02/20/2024 | 315 | JOINT LETTER MOTION to Adjourn Conference *and Trial Deadlines* addressed to Judge Lewis J. Liman from William O. Reckler dated February 20, 2024. Document filed by Peloton Interactive, Inc...(Reckler, William) (Entered: 02/20/2024) |
| 03/18/2024 | 316 | ORDER granting 315 Letter Motion to Adjourn Conference. The motion is granted; all pretrial deadlines and the current trial dates are adjourned sine die. However, the parties should plan to come in for oral argument on the motion for summary judgment on May 13. SO ORDERED. (Signed by Judge Lewis J. Liman on 3/18/2024) (va) (Entered: 03/18/2024) |
| 04/12/2024 | 317 | NOTICE OF APPEARANCE by Neha Jaganathan on behalf of Peloton Interactive, Inc...(Jaganathan, Neha) (Entered: 04/12/2024) |

| 04/13/2024 | 318 | MOTION to Withdraw *as Counsel*. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit − Certificate of Service).(Feldman, Steven) (Entered: 04/13/2024) |
| 04/13/2024 | 319 | DECLARATION of Steven N. Feldman in Support re: 318 MOTION to Withdraw *as Counsel*.. Document filed by Peloton Interactive, Inc...(Feldman, Steven) (Entered: 04/13/2024) |
| 04/19/2024 | 320 | MOTION for Mark Mosier to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−29243855. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − DC Certificate of Good Standing, # 2 Exhibit B − Proposed Order, # 3 Exhibit C − Declaration in Support of Motion).(Mosier, Mark) (Entered: 04/19/2024) |
| 04/19/2024 | 321 | **FILING ERROR − PDF ERROR −** MOTION for Andrew Soukup to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−29243920. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − DC Certificate of Good Standing, # 2 Exhibit B − IL Certificate of Good Standing, # 3 Exhibit C − Proposed Order, # 4 Exhibit D − Declaration in Support of Motion).(Soukup, Andrew) Modified on 4/19/2024 (bc). (Entered: 04/19/2024) |
| 04/19/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 320 MOTION for Mark Mosier to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−29243855. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 04/19/2024) |
| 04/19/2024 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No. 321 MOTION for Andrew Soukup to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−29243920. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Illinois;. Re−file the motion as a Motion to Appear Pro Hac Vice − attach the correct signed PDF − select the correct named filer/filers − attach valid Certificates of Good Standing issued within the past 30 days − attach Proposed Order.. (bc)** (Entered: 04/19/2024) |
| 04/24/2024 | 322 | ORDER granting 320 Motion for Mark Mosier to Appear Pro Hac Vice. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (mf) (Entered: 04/24/2024) |
| 04/24/2024 | | ORDER: The Oral Argument on the pending motion for summary judgment previously set for May 13, 2024 is RESCHEDULED to May 29, 2024 at 10:30AM in Courtroom 15C at the 500 Pearl Street Courthouse. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 04/24/2024) |
| 04/24/2024 | | Set/Reset Hearings: Oral Argument set for 5/29/2024 at 10:30 AM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Lewis J. Liman. (mf) (Entered: 04/24/2024) |
| 05/01/2024 | 323 | MOTION for Andrew Soukup to Appear Pro Hac Vice *(Corrected)*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − DC Certificate of Good Standing, # 2 Exhibit B − IL Certificate of Good Standing, # 3 Exhibit C − Proposed Order, # 4 Exhibit D − Declaration).(Soukup, Andrew) (Entered: 05/01/2024) |
| 05/01/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 323 MOTION for Andrew Soukup to Appear Pro Hac Vice *(Corrected)*. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 05/01/2024) |
| 05/02/2024 | 324 | ORDER FOR ADMISSION PRO HAC VICE granting 323 Motion for Andrew Soukup to Appear Pro Hac Vice. (Signed by Judge Lewis J. Liman on 5/2/2024) (tro) (Entered: 05/02/2024) |
| 05/10/2024 | 325 | MOTION for Farzin Franklin Amanat, Esq. to Withdraw as Attorney . Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 05/10/2024) |

| | | |
|---|---|---|
| 05/21/2024 | 326 | LETTER addressed to Judge Lewis J. Liman from Mark W. Mosier dated May 21, 2024 re: Supplemental Authority in further support of Defendant Pelotons Motion to Exclude the Expert Reports and Testimony of Plaintiffs Experts (Dkt. 295) and Motion for Summary Judgment (Dkt. 294). Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − Supplemental Authority).(Mosier, Mark) (Entered: 05/21/2024) |
| 05/21/2024 | 327 | MEMO ENDORSEMENT granting 318 Motion to Withdraw 318 MOTION to Withdraw *as Counsel*. ENDORSEMENT: The motion to withdraw as counsel is GRANTED. SO ORDERED. (Signed by Judge Lewis J. Liman on 5/21/2024) (ks) (Entered: 05/21/2024) |
| 05/24/2024 | | ORDER: The Oral Argument scheduled for Wednesday, May 29, 2024 will BEGIN AT 10:00AM, instead of 10:30AM. The hearing will be held in Courtroom 15C at the 500 Pearl Street Courthouse. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 05/24/2024) |
| 05/24/2024 | | Set/Reset Hearings: Oral Argument set for 5/29/2024 at 10:00 AM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Lewis J. Liman. (mf) (Entered: 05/24/2024) |
| 05/29/2024 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Oral Argument held on 5/29/2024 re: 294 MOTION for Summary Judgment filed by Peloton Interactive, Inc. Benjamin Whiting, Aaron Zigler, and David Straite present for Plaintiffs. Mark Mosier and Neha Jaganathan present for Defendant. Court reporter present. The Court heard argument from both parties regarding the pending motion for summary judgment. Argument taken under advisement, decision reserved by the Court. Defense counsel directed to order a copy of the transcript of the hearing on an expedited basis. (mf) (Entered: 05/30/2024) |
| 06/10/2024 | 328 | MEMO ENDORSEMENT granting 325 Motion to Withdraw as Attorney. ENDORSEMENT: SO ORDERED. (Signed by Judge Lewis J. Liman on 6/10/2024) Attorney Farzin Franklin Amanat terminated (ks) (Entered: 06/10/2024) |
| 06/10/2024 | 329 | MEMO ENDORSEMENT granting 325 Motion to Withdraw as Attorney. ENDORSEMENT: SO ORDERED. (Signed by Judge Lewis J. Liman on 6/10/2024) Attorney Farzin Franklin Amanat terminated (ks) (Entered: 06/10/2024) |
| 06/17/2024 | 330 | TRANSCRIPT of Proceedings re: ORAL ARGUMENT held on 5/29/2024 before Judge Lewis J. Liman. Court Reporter/Transcriber: Devon Gerber, (212) 805−0320. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/16/2024..(McGuirk, Kelly) (Entered: 06/17/2024) |
| 06/17/2024 | 331 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ORAL ARGUMENT proceeding held on 5/29/2024 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 06/17/2024) |
| 07/30/2024 | 332 | LETTER addressed to Counsel from Daniel Ortiz, Acting Clerk of Court dated 7/30/2024 re: Notice Concerning Waiver of Judicial Disqualification. (ras) (Entered: 07/30/2024) |
| 09/05/2024 | | NOTICE OF CASE REASSIGNMENT to Judge Lorna G. Schofield. Judge Lewis J. Liman is no longer assigned to the case. (vba) (Entered: 09/05/2024) |
| 09/06/2024 | 333 | ORDER WHEREAS, this case was recently reassigned to me. It is hereby ORDERED that a telephonic conference to discuss the status of the case will be held on September 11, 2024, at 4:20 p.m. The parties shall call (888) 363−4749 and enter the access code 558−3333. The telephonic conference is public, and the time of the conference is approximate, but the parties shall be ready to proceed by that time. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. The parties shall ensure they are all dialed into the conference call by the appointed |

| | | conference time. (Telephone Conference set for 9/11/2024 at 04:20 PM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 9/6/2024) (jca) (Entered: 09/06/2024) |
|---|---|---|
| 09/09/2024 | 334 | MOTION for Phyllis A. Jones to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−29864497. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − DC Certificate of Good Standing, # 2 Exhibit B − TX Certificate of Good Standing, # 3 Exhibit C − Proposed Order, # 4 Exhibit D − Declaration in Support).(Jones, Phyllis) (Entered: 09/09/2024) |
| 09/09/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 334 MOTION for Phyllis A. Jones to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−29864497. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 09/09/2024) |
| 09/11/2024 | 335 | ORDER granting 334 Motion for Phyllis A. Jones to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 09/11/2024) |
| 09/11/2024 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Telephone Conference held on 9/11/2024. (jcs) (Entered: 09/11/2024) |
| 09/12/2024 | 336 | ORDER denying without prejudice to renewal by formal motion 294 Motion for Summary Judgment; terminating 295 Motion to Preclude; granting 296 Motion to Seal; granting 305 Motion to Seal. As discussed at the conference, it is hereby ORDERED that the pending motion for summary judgment and motion to exclude expert reports and testimony are DENIED without prejudice to renewal. The parties are directed to review the Court's Individual Rules to ensure compliance of any related declarations and exhibits. It is further ORDERED that the parties' motions to seal at Dkts. 296 and 305 are GRANTED. It is further ORDERED that the parties shall submit briefing on the issues of supplemental jurisdiction and whether waiver of any judicial conflict has occurred, including which, if any, orders require vacatur. Plaintiffs shall file a memorandum of law, not to exceed 25 pages, by October 9, 2024. Defendant shall file a memorandum of law in opposition, not to exceed 25 pages, by November 6, 2024. Plaintiffs shall file a reply memorandum of law, not to exceed 10 pages, by November 19, 2024. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 294, 295, 296 and 305.. (Signed by Judge Lorna G. Schofield on 9/12/2024) (ks) (Entered: 09/13/2024) |
| 10/09/2024 | 337 | MOTION to Vacate *and to Retain Jurisdiction*. Document filed by Ishmael Alvarado, Eric Fishon..(Levitt, Adam) (Entered: 10/09/2024) |
| 10/09/2024 | 338 | MEMORANDUM OF LAW in Support re: 337 MOTION to Vacate *and to Retain Jurisdiction*. . Document filed by Ishmael Alvarado, Eric Fishon. (Attachments: # 1 Exhibit A − 2021 Financial Disclosure Report).(Levitt, Adam) (Entered: 10/09/2024) |
| 10/09/2024 | 339 | LETTER MOTION for Oral Argument addressed to Judge Lorna G. Schofield from Adam J. Levitt dated Oct. 9, 2024. Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 10/09/2024) |
| 11/06/2024 | 340 | MEMORANDUM OF LAW in Opposition re: 337 MOTION to Vacate *and to Retain Jurisdiction*. . Document filed by Peloton Interactive, Inc...(Mosier, Mark) (Entered: 11/06/2024) |
| 11/19/2024 | 341 | REPLY MEMORANDUM OF LAW in Support re: 337 MOTION to Vacate *and to Retain Jurisdiction*. . Document filed by Eric Passman, Ishmael Alvarado..(Levitt, Adam) (Entered: 11/19/2024) |
| 01/17/2025 | 342 | LETTER addressed to Judge Lorna G. Schofield from Mark Mosier dated January 17, 2025 re: Notice of Supplemental Authority. Document filed by Peloton Interactive, Inc.. (Attachments: # 1 Exhibit A − Royal Canin U.S.A., Inc. v. Wullschleger, 23−677 (U.S.)).(Mosier, Mark) (Entered: 01/17/2025) |
| 01/21/2025 | 343 | MEMO ENDORSEMENT on re: 342 Letter, filed by Peloton Interactive, Inc. ENDORSEMENT: Plaintiffs shall respond to Defendant's letter by January29, 2025. So Ordered. (Signed by Judge Lorna G. Schofield on 1/21/2025) (jjc) (Entered: |

| | | 01/21/2025) |
|---|---|---|
| 01/29/2025 | 344 | LETTER addressed to Judge Lorna G. Schofield from Adam J. Levitt dated Jan. 29, 2025 re: Response to Jan. 17, 2025 Letter from Peloton, Inc.. Document filed by Eric Passman, Ishmael Alvarado..(Levitt, Adam) (Entered: 01/29/2025) |
| 05/02/2025 | 345 | OPINION & ORDER re: 339 LETTER MOTION for Oral Argument addressed to Judge Lorna G. Schofield from Adam J. Levitt dated Oct. 9, 2024. filed by Eric Passman, Ishmael Alvarado, 337 MOTION to Vacate *and to Retain Jurisdiction*. filed by Eric Fishon, Ishmael Alvarado. For the foregoing reasons, Plaintiffs' motion is GRANTED. The following orders are VACATED: the November 9, 2020, Opinion and Order granting in part and denying in part Defendant's motion to dismiss the Complaint (i.e., Fishon I) at Docket No. 65; the July 12, 2021, Opinion and Order granting Defendant's motion to dismiss the FAC (i.e., Fishon II) at Docket No. 102; the January 19, 2022, Opinion and Order granting Defendant's motion to dismiss the SAC and denying Plaintiffs' motion to certify a class (i.e. Fishon III) at Docket No. 168; the August 11, 2022, Opinion and Order denying in part and granting in part Defendant's motion to dismiss the TAC (i.e., Fishon IV) at Docket No. 207 and the May 2, 2023, Opinion and Order denying Plaintiffs' motion to certify a class at Docket No. 284. The following pleadings are STRICKEN: the First Amended Complaint, filed January 21, 2021, at Docket No. 81, the Second Amended Complaint, filed July 26, 2021, at Docket No. 106 and the Third Amended Complaint, filed February 18, 2022, at Docket No. 195. Plaintiffs motion for oral argument is DENIED as moot. By May 16, 2025, the parties shall file a joint letter proposing next steps in this action. To the extent the parties cannot agree, the letter shall state their respective positions. A case management conference will be held on May 20, 2025, at 3:30 pm, in Courtroom 1106 at the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007. The Clerk of Court is respectfully directed to terminate the motion at Dkt. Nos. 337 and 339. (Signed by Judge Lorna G. Schofield on 5/2/2025) (sgz) (Entered: 05/02/2025) |
| 05/02/2025 | | Set/Reset Hearings: Case Management Conference set for 5/20/2025 at 03:30 PM in Courtroom 1106, Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007 before Judge Lorna G. Schofield. (sgz) (Entered: 05/02/2025) |
| 05/16/2025 | 346 | JOINT LETTER addressed to Judge Lorna G. Schofield from Counsel for Plaintiffs and Defendant dated May 16, 2025 re: Complying with the Court's May 2, 2025 Order. Document filed by Ishmael Alvarado, Eric Passman..(Levitt, Adam) (Entered: 05/16/2025) |
| 05/20/2025 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Case Management Conference held on 5/20/2025. (jcs) (Entered: 05/20/2025) |
| 05/21/2025 | 347 | ORDER: WHEREAS, a conference was held on May 20, 2025. As discussed at the conference, it is hereby ORDERED that Plaintiffs shall file an amended complaint by June 27, 2025. It is further ORDERED that within one week of filing of the amended complaint, the parties shall file a joint letter proposing next steps. Should the parties be unable to reach agreement, the letter shall state each party's position. (Signed by Judge Lorna G. Schofield on 5/21/2025) ( Amended Pleadings due by 6/27/2025.) (ks) (Entered: 05/21/2025) |
| 05/30/2025 | 348 | NOTICE OF INTERLOCUTORY APPEAL from 345 Memorandum & Opinion,,,,,,,,. Document filed by Peloton Interactive, Inc.. Filing fee $ 605.00, receipt number ANYSDC−31157279. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Mosier, Mark) (Entered: 05/30/2025) |
| 05/30/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 348 Notice of Interlocutory Appeal.(km) (Entered: 05/30/2025) |
| 05/30/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 348 Notice of Interlocutory Appeal, filed by Peloton Interactive, Inc. were transmitted to the U.S. Court of Appeals.(km) (Entered: 05/30/2025) |

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                      :
ERIC PASSMAN, et al.,                                 :
                                    Plaintiffs,       :
                                                      :           19 Civ. 11711 (LGS)
                 -against-                            :
                                                      :
PELOTON INTERACTIVE, INC.,                            :           **OPINION & ORDER**
                                    Defendant.        :
                                                      :
---------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs commenced this action on behalf of themselves and a putative class alleging

that Defendant Peloton Interactive, Inc. had made material misrepresentations and omissions

regarding Defendant's fitness class library.  After reassignment of the case due to financial

conflicts of interest of the prior assigned judge (the "recused judge"), Plaintiffs moved for the

court to vacate or review de novo certain rulings made by the recused judge and to retain

jurisdiction over this matter.  Defendant opposed the motion.  As explained below, Plaintiffs'

motion is granted.

## I.    BACKGROUND

The following facts appear to be undisputed and are taken from the docket in this case or

the parties' submissions, and largely are matters of which the court may take judicial notice.  *See*

Fed. R. Evid. 201; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d

66, 70 (2d Cir.1998); *Ng v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 23 Civ. 10380, 2024 WL

4827574, at *4 (S.D.N.Y. Nov. 19, 2024).

## A. Procedural History

This action was filed in December 2019 by Eric Fishon, Alicia Pearlman and Patrick Yang, individually and on behalf of a putative nationwide class of purchasers of Peloton hardware or subscriptions for a period of approximately one year beginning in April 2018. The Complaint relied on 28 U.S.C. § 1332(d)(2), or so-called CAFA jurisdiction, as the basis for the Court's subject matter jurisdiction. The Complaint alleged violations of N.Y. General Business Law, sections 349 and 350, which relate to deceptive business acts or practices and false advertising, respectively.

Defendant filed a motion to dismiss the Complaint on March 13, 2020. Plaintiff Yang was voluntarily dismissed on August 4, 2020. On November 9, 2020, the recused judge granted Defendant's motion in part, dismissing the claims of Plaintiff Pearlman -- a Michigan resident whose transaction had no connection to New York -- because she lacked statutory standing under New York's statutes, but allowing the claims of Fishon. *Fishon v. Peloton Interactive, Inc.* ("*Fishon I*"), 2020 WL 6564755, at *13-14 (S.D.N.Y. Nov. 9, 2020).

Plaintiffs Fishon and Pearlman filed a First Amended Complaint ("FAC") on behalf of themselves and a putative nationwide class on January 21, 2021. On February 4, 2021, Defendant moved again to dismiss Pearlman's claims on the basis that she did not have statutory standing. On July 12, 2021, the recused judge again dismissed Pearlman's New York claims for lack of statutory standing, finding that she had failed to cure the deficiencies identified in the original complaint. *Fishon v. Peloton Interactive, Inc.* ("*Fishon II*"), 2021 WL 2941820, at *5 (S.D.N.Y. July 12, 2021). The opinion granted Pearlman leave to amend the complaint to plead her claims under Michigan law. *Id*.

Plaintiffs Fishon and Pearlman filed a Second Amended Complaint ("SAC") on July 26, 2021.  In the SAC, Fishon again asserted claims under New York's General Obligations Law, while Plaintiff Pearlman brought claims under the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws Ann. §§ 445.901, *et seq*.  On August 9, 2021, Defendant moved to dismiss Plaintiff Pearlman's claims under the MCPA.  On September 16, 2021, Plaintiffs moved to certify two classes of Peloton purchasers -- a New York class and a Michigan class -- pursuant to Federal Rule of Civil Procedure 23.  On January 19, 2022, the recused judge decided both Defendant's motion to dismiss the SAC and Plaintiffs' motion for class certification.  The decision dismissed Pearlman's claims under the MCPA because they were not pleaded with the requisite specificity under Federal Rule of Civil Procedure 9(b).  *Fishon v. Peloton Interactive, Inc*., 2022 WL 179771, at \*7-8 (S.D.N.Y. Jan. 19, 2022) ("*Fishon III*").  The decision denied Plaintiffs' motion for class certification on the grounds that Pearlman's claim had been dismissed and Fishon was not an adequate class representative.  *Id*. at \*11-12.  The decision permitted the filing of a fourth complaint that might remedy these infirmities.  *Id*. at \*12-13.

The Third Amended Complaint ("TAC") was filed in February 2022 by two new Plaintiffs, Eric Passman and Ishmael Alvarado, both New York citizens, on behalf of themselves, a putative nationwide class and a New York sub-class.  Defendant moved to dismiss the TAC, arguing that Plaintiffs lacked standing and that the TAC failed to state a claim.  On August 11, 2022, the recused judge substantially denied the motion to dismiss, but struck the class allegations of class members who did not transact with Peloton in New York for lack of statutory standing to assert claims under the New York General Obligations Law.  *Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 107 (S.D.N.Y. 2022) ("*Fishon IV*").

3

In October 2022, Plaintiffs moved to certify a class of all purchases of Peloton hardware or subscriptions in New York during the putative class period. Defendant opposed the motion. Oral argument was held on April 12, 2023. On May 2, 2023, the recused judge denied class certification on the basis that Plaintiff Alvarado was not an adequate class representative and that common issues did not predominate over individual issues with respect to causation, injury and damages. *Passman v. Peloton Interactive, Inc.*, 671 F. Supp. 3d 417, 448-49, 451-67 (S.D.N.Y. 2023). Plaintiffs sought leave to appeal the denial of class certification to the Second Circuit Court of Appeals, which was denied.

Plaintiffs Passman and Alvarado continued to pursue their claims as individuals, rather than on behalf of a class. In December 2023, Defendant moved for summary judgment and to preclude the expert reports and testimony of Plaintiffs' experts. Plaintiffs opposed both motions. Oral argument was held on the motions on May 29, 2024, but they were not decided because of intervening events.

### B. Conflicts and Reassignment

On October 15, 2020, while the first motion to dismiss was pending, the recused judge informed the parties that his spouse owned shares in Defendant and determined that recusal was not required because the shares were being divested and recusal would not be in the public interest. The recused judge notified the parties on November 2, 2020, that the shares at issue had been sold and that he intended to continue to preside over the case. On November 9, 2020, the recused judge issued the decision in *Fishon I*.

A financial advisor, acting for the recused judge and his spouse, then made several purchases of Peloton stock, on April 15, April 19, May 11, May 12, May 13 and May 14, 2021. On July 12, 2021, the recused judge issued the decision in *Fishon II*. On August 25, 2021, the

recused judge again disclosed the purchases of Peloton stock and notified the parties that the shares were being divested.  The disclosure stated, "Earlier this month, I became aware that an investment advisor bought a total of 550 shares, split between an account for my wife and a joint account . . . .  I was not aware of the purchases at the time they were made, I did not make any decisions or issue any orders in this case at any time I was aware of the share ownership, and my wife and I are in the process of divesting ourselves of the position."  On August 31, 2021, the recused judge notified the parties that the divestment was complete.

On July 2, 2024, the Second Circuit issued its decision in *Litovich v. Bank of Am. Corp*., 106 F.4th 218 (2d Cir. 2024), regarding similar conflicts in another case before the recused judge.  The Second Circuit held that recusal had been required and vacated the district court's decision dismissing the case.  *Litovich*, 106 F.4th at 228.

On July 30, 2024, at the request of the recused judge, the Clerk of Court issued a letter to the parties here providing them the opportunity to execute or decline to execute a formal waiver of the recused judge's conflict.  Plaintiffs did not waive the conflict.  On September 5, 2024, the case was reassigned to the undersigned presiding judge (the "presiding judge").

After reassignment, the presiding judge denied the pending motion for summary judgment without prejudice to renewal and ordered briefing on two issues: whether the exercise of supplemental jurisdiction over the remaining claims in the action was appropriate and whether waiver of judicial conflicts had occurred or whether vacatur of prior orders was appropriate. Plaintiffs then filed the instant motion for the Court to vacate prior rulings and retain jurisdiction. Defendant opposed the motion, arguing that the Court either lacks subject matter jurisdiction or should decline to exercise supplemental jurisdiction, and that objections to the conflicts were

waived.  Defendant subsequently filed a notice of supplemental authority regarding *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), to which Plaintiff responded.

## II.    DISCUSSION

Plaintiffs move to vacate or review de novo the rulings made by the recused judge, including on the motions to dismiss, the motions for class certification and discovery rulings regarding the scope of discovery.  Plaintiffs argue that the rulings were made improperly by a judge who instead should have recused himself pursuant to 28 U.S.C. § 455.  As explained below, vacatur is required.

### A.  Standard

The framework for the disqualification of a judge when the judge's impartiality may reasonably be questioned or where a conflict of interest arises is set forth in 28 U.S.C. § 455. Section 455(a) states that any federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "Section 455(a) has been described as a catchall recusal provision, that governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown."  *Litovich,* 106 F.4th at 224.[1]  The purpose of the provision is "to promote public confidence in the integrity of the judicial process, which does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew."  *Id*.  As a result, "the test for whether an appearance of partiality exists is an objective one based on what a reasonable person knowing all the facts would conclude."  *Id*.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

In addition to this catchall recusal provision in § 455(a), § 445(b) calls for recusal in particular circumstances, including, as relevant here, if the judge knows that he or his spouse has a financial "interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." This provision, unlike § 455(a), expressly requires actual knowledge of a conflict. 28 U.S.C. § 455(b)(4). A judge's discovery of a financial interest in a party after the matter was assigned to him does not require disqualification if the judge has already spent "substantial judicial time" on the matter and "divests himself . . . of the interest." *Id.* § 455(f).

Even if a financial interest conflict is excused by § 455(f), the circumstances may nevertheless require recusal under the catchall provision of § 455(a), as occurred in *Litovich.* The Second Circuit explained, "Section 455(a) applies when a reasonable person would conclude that a judge was violating Section 455(b)(4) due to a conflict of financial interest" and "[e]ven where the facts do not suffice for recusal under § 455(b), . . . those same facts may be examined as part of an inquiry into whether recusal is mandated under § 455(a)." *Litovich*, 106 F.4th at 226. Applying that analysis here, the recused judge in this case was required to disqualify himself under § 455(a), rather than adjudicate the motions before him.

### B. Application of § 455(b)(4) and § 455(f)

The recused judge knew of financial conflicts that required recusal under § 455(b)(4) but that were cured by disclosure and divestment under § 455(f). At issue here are two occurrences of stock ownership. First, the recused judge's spouse owned Peloton stock; the judge disclosed that ownership on October 15, 2020, while Defendant's motion to dismiss the Complaint was fully briefed and pending; the stock was divested by November 2, 2020, and the judge decided *Fishon I* one week later, dismissing Plaintiff Pearlman's claim. The disclosure states, "I have

7

become aware that my wife holds shares in Defendant," without specifying when the judge became aware or how long his wife had held the shares prior to the disclosure.

In the second instance, the recused judge and his spouse purchased Peloton stock in April and May 2021, while Defendant's second motion to dismiss was fully briefed and pending; in July 2021, the judge decided the motion in *Fishon II*, dismissing Plaintiff Pearlman's repleaded claims in the FAC; on August 9, 2021, Defendant filed a third motion to dismiss, aimed at Pearlman's new Michigan claims in the SAC; the judge disclosed the stock ownership on August 25, 2021; the stock was divested by August 31, 2021. In January 2022, in *Fishon III*, the judge dismissed Pearlman's claims and denied Plaintiffs' motion for class certification, which had been filed after the divestiture of stock. The disclosure notice, from August 25, 2021, states, "Earlier this month [i.e., after *Fishon II*], I became aware that an investment advisor bought" shares of Defendant's stock.

In both instances, the recused judge had a conflict as described in § 455(b)(4) -- the judge or his spouse had a financial interest in a party, and the judge knew of that financial interest for a period of time while he presided over the case and a motion to dismiss was pending. In the first instance, Defendant's first motion to dismiss was pending. In the second instance, Defendant's third motion to dismiss was pending. In both instances, the conflict was cured pursuant to § 455(f) -- the recused judge disclosed and divested the interests each time he became aware of them, and the conflicts arose after substantial judicial time had been devoted to the case.

### C. Analysis under § 455(a)

The financial conflicts here must also be analyzed under § 455(a). Section 455(a) requires disqualification in any proceeding in which a judge's impartiality might reasonably be questioned, and unlike § 455(b)(4), does not require the judge's knowledge of the circumstances

giving rise to the question. The record does not include information on exactly when the recused judge acquired the Peloton stock he owned and disclosed in 2020, or precisely when he became aware of that stock. A court should focus "on § 455(a), rather than § 455(b)(4) itself, [if] the record lacks clarity on precisely when the district judge learned of the conflict," which, as described above, is the case for both conflicts at issue. *See Litovich*, 106 F.4th at 226. Here, as confirmed by the recused judge, for each of the two conflicts, there was a period when he was unaware of the conflict.

In *Litovitch*, the Second Circuit held that recusal was necessary in circumstances that created a lesser appearance of impartiality than in this case. Here, the recused judge held Defendant's stock during two periods when three dispositive motions were pending. All three motions were decided, at least in part, in favor of Defendant. The first motion was decided just one week after the stock was sold. The second motion was briefed and decided while the judge held Peloton stock. The third motion was filed and pending while the judge held the stock, which he sold five months later. In *Litovich*, there was one period of holding a party's stock, and a single motion fully briefed and pending during that period, with a decision on the motion three months after divestment. *See id*. The Second Circuit in *Litovich* found a violation of § 455(a), concluding that, "[l]ooking at these facts fully from the perspective of an objective, disinterested observer, . . . it is reasonable to question the partiality of a judge presiding over a case in which his spouse holds an ownership interest in a party." *Id*. The same is true in this case.

Defendant argues that Plaintiffs waived any violation of § 455(a) by not moving for recusal within a reasonable time after either disclosure. As a threshold matter, Plaintiffs declined to waive recusal when explicitly invited to do so. Defendant's suggestion of an implied waiver is beside the point, as the recusal and reassignment process has already occurred. The cases that

9

Defendant cites all concern situations where a recusal motion was made and was being analyzed for procedural propriety. *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) (holding recusal motion was untimely where intervenor knew of facts giving rise to motion for months before moving); *In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) (finding no undue delay in recusal motion filed years after facts became known where case had been dormant in the intervening period); *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000) (discussing the distinction between an untimely recusal motion, which does not preclude appellate review of the issue, and implied waiver of recusal, which would preclude review). In contrast, recusal and reassignment have already occurred. The question is not whether recusal is required, but rather what is the proper remedy for the § 455 violation that led to recusal.

### D. Vacatur

Vacatur of the prior rulings is the appropriate remedy in this case. "[I]n determining how best to address a violation of § 455(a)," courts consider three factors: "(i) the risk of injustice to the parties in the particular case; (ii) the risk that the denial of relief will produce injustice in other cases, and (iii) the risk of undermining the public's confidence in the judicial process." *Litovich*, 106 F.4th at 226-27. "Although a judge must recuse when there is a disqualifying conflict, the proper remedy varies when such a conflict is discovered after the judge's ruling." *Id*. If warranted by the circumstances, a court may grant vacatur of prior rulings in a case where a judge has been disqualified. *Litovich*, 106 F.4th at 226-27. In the alternative, an unconflicted court can review the conflicted rulings de novo. *ExxonMobil Oil Corp. v. TIG Ins. Co*., 44 F.4th 163, 173-74 (2d Cir. 2022).

The first factor, risk of injustice to the parties in this case, favors vacatur. There is no indication that the conflicts had any influence on the recused judge's adjudication of this case,

10

nor is there any suggestion that the recused judge's rulings were based on anything other than his reasoned analysis and application of the law.  However, consistent with the focus of § 455(a) on avoiding the appearance of impropriety, and to avoid questions as to the impartiality of the rulings, this factor weighs in favor of vacatur.  *See Litovich*, 106 F.4th at 227.

The second factor, the risk of injustice in other cases, supports vacatur.  The risk presented by implementing a lesser remedy is that "judges will fail to recuse themselves in future cases, which . . . may increase the likelihood that conflicts go unnoticed and unremedied." *Id.* at 227.  As in *Litovich*, adherence to the strictures of § 455 and vacatur of rulings that violate § 455(a) encourage compliance with the statute and reasonable diligence in avoiding cases that present a conflict.  *See id.*

Finally, the third factor, the risk of undermining public trust, also weighs in favor of vacatur.  This motion arose partially in response to *Litovich*, which addresses similar conflicts and explains the need to encourage public trust in the judiciary.  *Litovich*, 106 F.4th at 227-28 (discussing media coverage of recent § 455 violations and the need to minimize recurrent controversies that undermine public confidence in "the fair adjudication of the law").  Again, because the conflicts at issue here raise the appearance of impropriety, measures must be taken to maintain public trust and discourage similar issues in future cases.  Vacatur is therefore an appropriate remedy.

The rulings on the first three motions to dismiss, decided when the recused judge was in violation of § 455(a), are vacated.  Plaintiffs' amended pleadings, which followed each of these in an effort to accommodate the dismissal ruling, are stricken.  The ruling on the fourth motion to dismiss, addressed to the now-stricken TAC is vacated.  The ruling on the first motion for class certification is vacated because it relied, in part, on the now-vacated ruling dismissing

Pearlman's claims.  The ruling on the second motion for class certification is vacated because it relied on the now-stricken TAC to assess the predominance of common issues.  Discovery and other orders will be reviewed de novo as necessary.  In light of the foregoing, the issue of supplemental jurisdiction, to the extent it ever was relevant, is moot.  Similarly, Defendant's request to adjudicate its motion for summary judgment, presumably as to the claims in the TAC, is denied as moot.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion is **GRANTED**.  The following orders are **VACATED**:

- the November 9, 2020, Opinion and Order granting in part and denying in part Defendant's motion to dismiss the Complaint (i.e., *Fishon I*) at Docket No. 65;

- the July 12, 2021, Opinion and Order granting Defendant's motion to dismiss the FAC (i.e., *Fishon II*) at Docket No. 102;

- the January 19, 2022, Opinion and Order granting Defendant's motion to dismiss the SAC and denying Plaintiffs' motion to certify a class (i.e. *Fishon III*) at Docket No. 168;

- the August 11, 2022, Opinion and Order denying in part and granting in part Defendant's motion to dismiss the TAC (i.e., *Fishon IV*) at Docket No. 207 and

- the May 2, 2023, Opinion and Order denying Plaintiffs' motion to certify a class at Docket No. 284.

The following pleadings are **STRICKEN**:

- the First Amended Complaint, filed January 21, 2021, at Docket No. 81,

- the Second Amended Complaint, filed July 26, 2021, at Docket No. 106 and

- the Third Amended Complaint, filed February 18, 2022, at Docket No. 195.

Plaintiffs' motion for oral argument is **DENIED** as moot.

By **May 16, 2025**, the parties shall file a joint letter proposing next steps in this action.

To the extent the parties cannot agree, the letter shall state their respective positions.

A case management conference will be held on **May 20, 2025, at 3:30 pm**, in Courtroom 1106 at the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. Nos. 337 and 339.

Dated: May 2, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

13

*Fishon, et al. v. Peloton Interactive, Inc.*, No. 25-1415

## FORM C
## ADDENDUM B

### Issues to Be Raised on Appeal

(1) Whether the district court lacked subject-matter jurisdiction to grant relief for any violation of 28 U.S.C. § 455(a) because the Third Amended Complaint included only claims under New York law brought by New York Plaintiffs against a New York defendant, and sought to certify a New York-only class.

- This Court reviews questions of subject-matter jurisdiction *de novo*. *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024).

(2) Whether Plaintiffs forfeited their right to seek relief for any violation of 28 U.S.C. § 455(a) by choosing to bring their claims before the district judge and then strategically declining to seek his recusal or object to his presiding over the case across several years of litigation, which included rulings on several dispositive motions and a motion for class certification, despite having knowledge of his temporary stock ownership.

- "Where the facts are undisputed, a determination regarding waiver . . . is a question of law, reviewed *de novo*."  *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 135 (2d Cir. 2014).

(3) Whether the district court abused its discretion in ordering vacatur of prior dispositions of three dispositive motions and a motion for class certification, and the striking of three amended complaints, in light of Plaintiffs' strategic choices to proceed before and not seek the recusal of the prior district judge.

- This Court reviews a district court's determination of an appropriate remedy for a violation of 28 U.S.C. § 455(a) for abuse of discretion.  *See ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 172 (2d Cir. 2022).