# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-1415

**Caption [use short title]**

**Motion for:** Consolidation of related proceedings 25-1415 and 25-2098

Fishon v. Peloton Interactive, Inc.

Set forth below precise, complete statement of relief sought:

Defendant-Appellant respectfully requests the court consolidate the related proceedings 25-1415 and 25-2098.

**MOVING PARTY:** Peloton Interactive, Inc.         **OPPOSING PARTY:** Eric Passman, et al.

☐ Plaintiff  ☒ Defendant

☒ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Mark W. Mosier         **OPPOSING ATTORNEY:** Aaron M. Zigler

[name of attorney, with firm, address, phone number and e-mail]

Covington & Burling LLP

850 Tenth Street, NW Washington, DC 20001

Phone: (202) 662-6000; Email: mmosier@cov.com

Zigler Law Group, LLC

308 S. Jefferson, Suite 333, Chicago, IL 60661

Phone: (312) 673-8427; Email: aaron@ziglerlawgroup.com

**Court- Judge/ Agency appealed from:** U.S. District Court for the Southern District of New York / Honorable Lorna G. Schofield

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain): _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ Don't Know

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☒ No  If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Mark W. Mosier   **Date:** 09/15/2025   Service: ☒ Electronic  ☐ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

# No. 25-1415

In The

# United States Court of Appeals for the Second Circuit

---

ERIC PASSMAN, individually and on behalf of all others similarly situated, ERIC FISHON, individually and on behalf of all others similarly situated, ALICIA PEARLMAN, individually and on behalf of all others similarly situated, ISMAEL ALVARADO, individually and on behalf of all others similarly situated,

*Plaintiff-Appellees*,

PATRICK YANG, individually and on behalf of all others similarly situated, MARYANA FEIGEN, TRAVIS FROST, ALANA SAGE, SKYLAR WERDE,

*Plaintiffs*,

v.

PELOTON INTERACTIVE, INC.,

*Defendant-Appellant*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
NO. 1:19-CV-11711-LGS, THE HONORABLE LORNA G. SCHOFIELD

---

**MOTION FOR CONSOLIDATION OF RELATED PROCEEDINGS**

---

Mark W. Mosier
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: 202-662-6000
mmosier@cov.com

## MOTION

Appellant Peloton Interactive, Inc. ("Peloton") respectfully moves to consolidate this appeal and Peloton's pending petition for mandamus, *In re: Peloton Interactive, Inc.*, No. 25-2098. These two proceedings seek this Court's review of the same district court order and challenge that order on the same grounds. Moreover, Peloton filed its petition for mandamus only as an alternative basis for relief if the Court determines that it lacks jurisdiction over the appeal. For these reasons, consolidation is warranted because it would make resolution of these two proceedings more efficient.

## PROCEDURAL HISTORY

On May 2, 2025, the district court issued an opinion and order that is the subject of both Peloton's appeal and Peloton's mandamus petition. *See Fishon v. Peloton Interactive, Inc.*, No. 19-cv-11711, Dkt. 345 (S.D.N.Y.).[1] In its order, the district court determined that the judge previously presiding over the case violated 28 U.S.C. § 455(a). As a purported remedy for this violation, the district court vacated previous orders disposing of each of Peloton's four motions to dismiss (Dkt. 65, 102, 168, 207) and twice denying class certification (Dkt. 168, 284), while indicating that "[d]iscovery and other orders" would be "reviewed de novo as

---

[1] All references to "Dkt." are to the district court docket in No. 19-cv-11711 (S.D.N.Y.) unless otherwise specified.

1

necessary." Dkt. 345 at 12. The district court also struck the First, Second, and Third Amended Complaints (Dkt. 81, 106, 195), even though Plaintiff-Appellees had not requested such relief. Dkt. 345 at 12.

Peloton timely filed an interlocutory appeal of the district court's order, and Plaintiff-Appellees moved to dismiss for lack of appellate jurisdiction. *See Fishon v. Peloton Interactive, Inc.*, No. 25-1415, Dkt. 1, 17 (2d Cir.). The district court stayed all proceedings pending resolution of the appeal. Dkt. 355 at 5.

Peloton opposed Plaintiff-Appellees' motion to dismiss, arguing that this Court has jurisdiction under the collateral order doctrine. *Fishon v. Peloton Interactive, Inc.*, No. 25-1415, Dkt. 27 (2d Cir.). Peloton also filed a petition for a writ of mandamus, in the alternative, arguing that in the event this Court determines it lacks appellate jurisdiction under the collateral order doctrine, this Court should grant mandamus. *See In re: Peloton Interactive, Inc.*, No. 25-2098, Dkt. 1 (2d. Cir.). Peloton now seeks to consolidate these two proceedings, which Plaintiff-Appellees oppose.

## ARGUMENT

Consolidation of related appellate proceedings is appropriate when "savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (emphasis omitted) (citation omitted). Here, consolidation of these proceedings will encourage

2

judicial efficiency without impairing justice. The appellate proceedings are from the same district court decision and challenge that order on the same grounds. In both proceedings, Peloton argues that (1) the district court erred in failing to address Peloton's challenge to subject-matter jurisdiction before reaching the merits and by not dismissing for lack of subject-matter jurisdiction; (2) that Plaintiff-Appellees waived any right to seek the relief they were granted for a violation of 28 U.S.C. § 455(a); and (3) that the district court abused its discretion in vacating prior dispositions of four dispositive motions and two motions for class certification and in striking three amended complaints. Thus, equity will not be compromised by considering both matters in combined proceedings.

Moreover, consolidation will conserve substantial resources for both the Court and the parties, thereby serving the goals of judicial economy and efficiency. Peloton filed its petition for mandamus only as an alternative basis for relief if the Court determines that it lacks jurisdiction over the appeal. As a result, if the proceedings are assigned to different panels, the panel assigned to the mandamus proceeding will have to expend resources on a matter with a lengthy and complex history that would be mooted by the other panel's resolution of the appeal. This court has previously consolidated mandamus petitions with collateral order doctrine appeals in similar circumstances, even in the face of opposition from the other party. *See, e.g.*, *Linde v. Arab Bank, PLC*, 706 F.3d 92, 95 (2d Cir. 2013).

3

## **CONCLUSION**

For the foregoing reasons, Peloton respectfully requests consolidation of the above-named proceedings.

Dated: September 15, 2025          Respectfully submitted,

*/s/ Mark W. Mosier*
Mark W. Mosier
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: 202-662-6000
mmosier@cov.com

*Attorney for Defendant-Appellant Peloton Interactive, Inc.*

4

5

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32, the undersigned hereby certifies that the attached Motion is proportionately spaced, has a typeface of 14 points or more, and contains 687 words.

*/s/ Mark W. Mosier*
Mark W. Mosier

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 15, 2025, a copy of the foregoing Motion was filed with the Clerk and served on all parties through the Court's electronic filing system. I further certify that all parties required to be served have been served.

*/s/ Mark W. Mosier*